Defendant-appellant, Lee Horsfall, appeals his conviction in Mahoning County Court No. 3 on a single count of driving under the influence and a single count of driving left of center.
On February 10, 1996 appellant was arrested for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), driving with a breath alcohol concentration in excess of .10 grams of alcohol per 210 liters of breath, in violation of R.C.4511.19(A)(3), and driving left of center, in violation of R.C.4511.25. A breathalyzer test was administered and appellant returned a reading of .202.
On February 13, 1996 appellant appeared in Mahoning County Court No. 3 located in Sebring, Ohio. At that time, appellant pled no contest to the charge of driving under the influence and received a sentence of thirty days in jail, twenty-seven days of which were suspended. Appellant also received a fine of $500, of which $200 was suspended, had his driver's license suspended for seven months, and received twelve months probation. The record indicates that the charge of driving with a breath alcohol concentration in excess of .10 grams per 210 liters of breath was dismissed, and on the charge of driving left of center, appellant received a fine of $15 plus costs.
On March 12, 1996 appellant filed a motion to withdraw his plea with the trial court. Later that same day appellant also filed with the trial court a notice of appeal from the judgment entered on February 13, 1996 and also requested that execution of sentence be stayed. On May 2, 1996 the trial court overruled appellant's motion to withdraw the plea, finding no manifest injustice had occurred.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED WHEN IT DID NOT COMPLY WITH R.C. 2937.04 AND CRIM R. 11, BY FAILING TO PROPERLY EXPLAIN THE CIRCUMSTANCES OF THE CASE AND THE PLEAS AVAILABLE TO THE DEFENDANT-APPELLANT BEFORE HE ENTERED HIS PLEA OF NO CONTEST AND THE COURT SUMMARILY FOUND HIM GUILTY OF THE CRIMES CHARGED."
Appellant argues that driving under the influence in violation of R.C. 4511.19(A) is a first degree misdemeanor involving a potential period of incarceration in excess of six months, and that, as such, the offense was a "serious offense" which required the trial court to adhere to Crim.R. 11(D). Crim.R. 11(D) provides in pertinent part:
 "In misdemeanor cases involving serious offenses the court * * * shall not accept [a no contest] plea without first addressing the defendant personally and informing him of the effect of the pleas of guilty, no contest, and not guilty and determining that he is making the plea voluntarily."
According to appellant, the trial court failed to comply with this standard in the instant case inasmuch as the trial court did not fully explain the various pleas, nor did the trial court personally address appellant. According to appellant, the trial court did not insure that the plea was intelligent and voluntary under the test laid down by this court inState v. Moore (1995), 111 Ohio App.3d 833.
Appellant also argues that the trial court was required to find appellant guilty from an explanation of the circumstances of the case, pursuant to R.C. 2937.07. Appellant argues that the record must show a statement of the facts which supports all of the essential elements of the crime charged. Because there was no explanation of what allegedly took place on February 10, 1996, appellant argues he was not able to knowingly and voluntarily enter a plea, and that his no contest plea and resulting conviction should be vacated.
In response, appellee notes that prior to appellant's plea the trial court gave a lengthy explanation of the various pleas available and the differences between them. Appellee takes issue with appellant's categorization of driving under the influence as a "serious offense", noting that R.C. 2929.21
establishes the maximum penalty for the offense as not more than six months incarceration. Hence, according to appellee, the offense is a "petty offense" as defined in Traf.R. 2. Because appellant's case was a traffic case, appellee argues that Traf.R. 8(E) permits multiple defendants to be advised of their rights by general announcement. In addition, appellee notes that Traf.R. 10(C), which mirrors Crim.R. 11(D) in requiring that the trial court personally address a defendant, does not apply to the instant case because appellant pled to a "petty offense" rather than a "serious offense".
Appellee also argues that appellant's reliance onMoore is misplaced in that the defendant in Moore was charged with two first degree misdemeanors with a potential period of incarceration of one year. Appellee notes that the transcript of proceedings indicates appellant was fully apprised of the nature of his plea and its ramifications. Appellee notes that the trial court inquired into appellant's certainty and when appellant initially showed uncertainty the trial court suggested he plead not guilty. The trial court also advised appellant to take his time in deciding what to plead prior to his finally entering the plea of no contest.
With regard to appellant's claim that there was no statement of the underlying facts on which to base a no contest plea, appellee notes that appellant explained to the trial court that he had been driving on the day in question and had repeatedly attempted to drive around the car in front of him. Appellee also notes that the trial court stated "I am going on the basis of the .20" which appellee claims is a reference to the breath test result. Appellee contends that the dialogue between appellant and the trial court provided a full explanation of the facts and circumstances and that appellant's claim therefore lacks merit.
The record indicates that this was appellant's first DUI offense. A first time conviction for driving under the influence in violation of R.C. 4511.19 is a misdemeanor of the first degree. See R.C. 4511.99(A)(1). For misdemeanors of the first degree, the term of imprisonment imposed shall not exceed six months. R.C. 2929.21(B)(1).
Traf.R. 10 lays out different standards for accepting pleas depending on whether the case involves a serious or a petty offense. A "serious offense" is defined as "an offense for which the penalty prescribed by law includes confinement for more than six months." Traf.R. 2. In contrast, a petty offense is "an offense for which the penalty prescribed by law includes confinement for six months or less. Id. Because appellant was charged with a first degree misdemeanor for which he could not be imprisoned for more than six months, the offense he was charged with, driving under the influence of alcohol, was a "petty offense" for purposes of his plea.
Traf.R. 10(D) provides:
 "(D) Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses except those processed in a traffic violations bureau the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest and not guilty."
Appellant argues that the trial court was required to personally advise him of the ramifications of the various pleas available, as mandated by Crim.R. 11(D). However, Crim.R. 11(D), the language of which mirrors that in Traf.R. 10(C), applies to "misdemeanor offenses involving serious offenses". Because appellant's case involved a petty offense this language is not applicable. To be sure, Traf.R. 10(D) requires the trial court to inform a defendant of the effect of the various pleas, but it does not require that a defendant be addressed personally.[1]
The transcript of the proceedings indicates that the trial court made a general announcement to all defendants present prior to accepting individual pleas, as permitted by Traf.R. 8(E)[2]. The trial court announced as follows:
 "THE COURT: For the charges that you are facing, I will attempt to tell what the maximum penalty is on those particular charges. After I have done that, you must enter a plea. You have the choice of one of three different pleas; we will discuss those pleas very briefly.
 "The first plea you may enter is a plea of guilty. Now, for those of you who have been charged with a traffic offense after a traffic accident, I don't suggest that you enter a plea of guilty. The reason being that in the event that you be sued for damages, money damages, at a later date in this Court or another court, that plea of guilty can be used against you in the court.
 Rather, I would suggest that you enter the second plea that we will discuss.
 "The second plea that you may enter is a plea of no contest.
 If you enter a plea of no contest, you are telling the Court that you neither agree nor disagree with the charges, the charges that you are facing, and you want the Court to make a decision from the facts that the Court has before it. I, at that point in time, will look at everything that's in the file to see what the arresting officer or complaining witness has to say. And I will, with a no contest plea, ask you if you have something to say. With a guilty plea, it's an option. I can ask if you want to say anything; I may not. But with a no contest plea, give me something to hang my hat on; get off your chest what you want to say. Don't take a half hour giving me a dissertation up here, but say what you want to say and get it over with. At that point in time I will make a decision. I caution you that in the greatest majority of no contest pleas you are found guilty; however, it's not unheard of that you are found not guilty also.
 "The third plea that you may enter is a plea of not guilty.
 Now, if you enter a plea of not guilty, you are telling the Court that you disagree with the charge or charges and you want to set the matter up for trial. Now, there are a couple of things that come in to play with a not guilty plea and with a no contest plea, and I want you to pay attention. If you were up against an offense or charged with an offense that carries a fine that exceeds $100 or that you can go to jail on, you have certain rights; and one of those rights is the right to have a lawyer. And if you want to plead no contest to one of those offenses, then I have to have you waive in writing your right to have a lawyer. In other words, before I can take that plea of no contest or guilty, you must waive in writing your right to a lawyer. That's the first thing; I will ask you to waive that right. If you don't want to waive it, then we will make a not guilty plea, and we will set the matter for trial at a later time and date. The second thing is that on a not guilty plea, you have the right to have what is known as a speedy trial. In Ohio, all cases must be brought to trial within a certain time deadline. And I say this as an example only, a speeding ticket. We are required by law to have a trial on that speeding ticket within 30 days. Now, 30 days is really a quick period of time for you to get your witnesses together, to get a trial lawyer, and do whatever you're going to do and come back to Court. It is also a quick time period for us to have a trial. So I may ask you to sign a waiver of speedy trial.
 That's another written document, and if you sign it, your trial, in all probability, will not come up within that 30-day time period." (Tr. 2-4)
This announcement by the trial court was more than sufficient to inform appellant of the effect of entering a plea of guilty, no contest or not guilty as required by Traf.R. 10(D).
With respect to appellant's second argument, R.C. 2937.07
provides in pertinent part:
 "If the plea be 'no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly."
Thus, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances.Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150. An explanation is sufficient if it supports all the essential elements of the offense. State v. Gilba (1994),96 Ohio App.3d 332, 337. Statements made by counsel, stipulation of facts and briefs may all be considered by a court under the authority to consider explanation of circumstances under a plea of no contest. State v. McGlothin
(Feb. 10, 1993), Montgomery App. No. 13460, unreported.
Appellant claims no explanation of circumstances was provided in the instant case. The transcript of the proceedings reveals otherwise.
 "MR. HOSFELL: [Name misspelled in transcript.] Some years ago I blew a 10 or 11, and I was drunk; I didn't fight Officer (inaudible) about that. We get along quite peaceably. This — I have a problem with 20. I don't think I could live at 20. There was a policeman there. He didn't allow anybody else in there with me. I blew in the one in the office twice without zeroing it. There was another one I had three times. I blew three tests; twice in one machine and once in the other.
 Then the other one didn't have — that was out on the road. The first time was on the road, a little transistor one.
"THE COURT: Uh-huh.
 "MR. HOSFELL: It was 15, 16; I think it come back. I'm blowing 20. He told me I didn't blow hard enough, but he never reset it.
I blew it again.
 "THE COURT: Well, let me ask you this. If you have all these reservations, why don't you take it to court and plead not guilty? I'll still accept it if you want.
 "MR. HOSFELL: The officer said he saw the car in front of me. There was a car in front of me. He was stopping at every driveway. It was at night. He was stopping at every driveway; evidently to check addressees. He was lost. Every time. I tried to go around him, he would challenge me. Yes, sir, I was more than left of center. So I come back; and, well, of course, when the officer put the lights, on he was gone. The officer said he saw him and he saw the brakelights on.
"THE COURT: Are you married?
"MR. HOSFELL: Yes, sir.
"THE COURT: Children?
"MR. HOSFELL: Yes, sir.
"THE COURT: How old are you?
"MR. HOSFELL: Forty-seven.
"THE COURT: Where do you work?
"MR. HOSFELL: Chrysler Stamping.
"THE COURT: Who long have you worked there?
 "MR. HOSFELL: Just over ten. Are those urine tests going to be used, sir?
"THE COURT: Pardon?
 "MR. HOSFELL: Are the urine tests going to be used? They made me do a urine test, too.
"THE COURT: No —
"MR. HOSFELL: You are not going to wait on those?
 "THE COURT: No. We don't have to with the breath test, because I'm going on the basis of the .20." (Tr. 9-10)
This portion of the record provides a more than adequate explanation of the circumstances surrounding appellant's arrest for driving under the influence of alcohol. Appellant admitted that he had been driving a motor vehicle and that he had subsequently failed a breathalyzer test. This clearly supports a finding that appellant was operating a motor vehicle while under the influence of alcohol.
Appellant's sole assignment of error is without merit.
The decision of the trial court is hereby affirmed.
Cox, J., concurs
Waite, J., concurs
APPROVED:
 _____________________ Gene Donofrio Judge
[1] We note that in any event, appellant's plea is not governed by Crim.R. 11. The Ohio Traffic Rules prescribe the procedure to be followed in traffic cases. See Traf.R. 1(A). "Traffic case" means all proceedings involving violations of laws, ordinances, and regulations governing the operation and use of vehicles. Traf.R. 2. In addition, the Ohio Rules of Criminal Procedure do not apply in cases covered by the Ohio Traffic Rules. See Crim.R. 1(c)(3)
[2] Traf.R. 8(E) provides:
 "Joint arraignment. If there are multiple defendants to be arraigned, the judge may advise or cause them to be advised of their rights by general announcement."