OPINION
This matter arises out of a conviction in Mahoning County Court No. 3 in Sebring, Ohio. Appellant, Daniel Kicula, was convicted of violating Revised Code § 2919.25, a domestic violence charge, after entering a plea of "no contest". For the following reasons, we find the assignment of error advanced by Appellant has merit and we reverse the decision of the trial court and remand the matter for proceedings consistent with this opinion.
On April 27, 1997, Deputy Mark Tomaino of the Mahoning County Sheriff's Department responded to a domestic violence call at 5484 Bedell Road, Berlin Center. According to the police report, he found the victim, Appellant's live-in girlfriend, with obvious marks of physical violence, including a swollen and bruised face, a cut on her right ear and other visible bruises on her arm and back. Tomaino was told by the victim that the injuries were caused when Appellant beat her. Appellant was arrested and taken to the Mahoning County Justice Center.
On April 29, 1997, Appellant was arraigned and posted bond. On that date he also waived his right to counsel and jury trial in writing and pled no contest to the domestic violence charge.
The transcript of proceedings is extremely short. It reflects that after Appellant was called and stated he wished to enter his no contest plea, he was advised by the court to speak to the prosecutor. This discussion was apparently held, but is not recorded. Appellant then entered his plea on the record and was sentenced. The record does not reflect any indication that Appellant was advised by the court or prosecutor as to the effects of entering a plea or possible sentencing and is also lacking any recitation of the facts and circumstances surrounding the domestic violence charge.
Appellant raises a single assignment of error:
 "THE TRIAL COURT ERRED BY NOT COMPLYING WITH R.C. 2937.04
[SIC] WHEN IT FAILED TO MAKE AN EXPLANATION OF THE CIRCUMSTANCES NECESSARY TO SUPPORT A FINDING OF GUILT BEFORE IMPOSING SENTENCE AND AFTER THE DEFENDANT-APPELLANT'S ENTRY OF A NO CONTEST PLEA."
Appellant's argument with regard to this assignment is twofold. He argues, first, that before accepting a criminal defendant's plea to a matter, a court is required under the Rules of Criminal Procedure to advise that defendant of any and all of the ramifications of this plea if the criminal offense rises to the level of a serious one. Next, Appellant argues that Revised Code § 2937.08 requires a trial court to review the facts and circumstances of a criminal case before the judge may arrive at a guilty verdict following a plea of no contest. Appellant argues that neither of these steps were taken in the matter at bar and that the matter requires reversal based on either one of these defects.
We note at this point that Appellee, State of Ohio, essentially agrees with Appellant's recitation of the law and argues that the necessary steps to accept Appellant's plea and convict him of a crime based upon that plea were not followed.
Crim.R. 11 (D) addresses misdemeanors involving "serious offenses" and requires that the court address the defendant personally, inform him of the effect of his plea and determine that he is making the plea voluntarily. The rule states that the court "shall not" accept a guilty or no contest plea without this explanation of rights. Further, where the criminal defendant is unrepresented by counsel at the time of entering a plea the court, ". . . shall not accept a plea of guilty or no contest" unless the court readvises the defendant of his right to counsel.
A "serious offense" is defined by Crim.R. 2 (C) as any felony or a misdemeanor for which the penalty includes confinement in excess of six months. As the crime with which Appellant was charged and ultimately convicted was, by statute, a misdemeanor of the first degree and was punishable, according to R.C. § 2929.21 (B) (1), by a term of imprisonment of up to six months, we can see that Appellant is mistaken in his claim that he was charged with and convicted of a "serious offense" requiring the full recitation of rights.
Crim.R. 11 (E), however, does apply to the present matter. This rule provides that the trial court "shall not accept" a plea of no contest or guilty, ". . . without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."
It does not appear from the record that Appellant was so advised. In fact, the record reflects that the court's sole exchange on this matter with Appellant is the following:
 "THE COURT: The purpose of today's proceedings is to have you enter a plea of guilty, not guilty, or no contest." (Tr. p. 2).
We have held in State v. Moore (1996), 111 Ohio App.3d 833,838, that failure to inform a criminal defendant of the effect of his plea and the consequences involved in that plea is a violation of Crim.R. 11 (E) and constitutes reversible error.
Assuming arguendo that Appellant was addressed at some earlier time by the court and explained the effects of his plea en masse, as is sometimes the case, and that this earlier dialogue is not reflected in the transcript provided by Appellant, it is still apparent from the record that no dialogue surrounding the facts and circumstances of this matter was held. In Cuyahoga Falls v.Bowers (1984), 9 Ohio St.3d 148, 150, the Supreme Court held that a no contest plea alone cannot support a finding of guilt without some explanation in the record as to the facts and circumstances of the crime. The Court stated that R.C. § 2937.07, which provides that a judge may make a finding of guilt after a no contest plea, ". . . from the explanation of circumstances [of the offense] . . .," provides a substantive right in the defendant. A defendant cannot be found guilty where there is no statement of facts and circumstances following a no contest plea or where all of the elements of the offense are not established by this statement, if given. The Supreme Court held that the question is not whether a trial court could have given an explanation of circumstances sufficient to find a defendant guilty based on available documentation, but whether the trial court actually made the necessary explanation on the record in open court. Id.
at 151.
In the matter before us the transcript is lacking any explanation at all of the facts and circumstances surrounding this criminal offense. Appellee admits that this is, in fact, the case.
From all of the foregoing, we find that the assignment of error raised by Appellant is well-taken. The finding of guilt and sentencing is hereby vacated and the matter is remanded to the trial court so that Appellant may enter a new plea.
Donofrio, J., Cox, P.J., concurs.
APPROVED:
 ___________________________________ CHERYL L. WAITE, JUDGE