The present appeal arises from the decision of the Youngstown Municipal Court accepting William Warren's pleas of no contest and sentencing him accordingly. For the reasons set forth below, the decision of the trial court is reversed and this cause is remanded.
 I. FACTS
On March 20, 1998, William Warren ("appellant") was stopped by an officer of the Youngstown Police Department for failing to obey a traffic signal. During the ensuing pat down search of appellant, it was discovered that he possessed marijuana under the bulk amount, rolling papers and a scale. As a result, appellant was arrested on one count of possession of drug paraphernalia in violation of R.C. 2925.14 (C)(1); one count of possession of marijuana under the bulk amount in violation of Youngstown City Ordinance 513.01; and one count of failing to obey a traffic device in violation of Youngstown City Ordinance 313.03.
Appellant appeared for arraignment in Youngstown Municipal Court on March 23, 1998 at which time he entered pleas of no contest to all three charges. Based upon these pleas, the trial court sentenced appellant as follows: a fine of $20 and a six month operator's license suspension on the charge of possession of marijuana; a fine of $100 and a six month operator's license suspension, thirty day in the county jail and one year of probation on the charge of possession of drug paraphernalia; and a fine of $10 on the failure to obey a traffic device charge. It is from this decision which appellant filed a timely notice of appeal on March 25, 1998. Pursuant to appellant's request, the trial court stayed the execution of the sentence pending an appeal.
Appellant raises three assignments of error on appeal. However, due to the fact that our determination regarding appellant's second assignment of error renders the remaining assignments moot, the other claimed errors need not be addressed herein. App.R. 12 (A) (1) (c)
 II. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO INFORM THE DEFENDANT-APPELLANT OF HIS CONSTITUTIONAL RIGHTS AT HIS ARRAIGNMENT PURSUANT TO CRIM.R. 5, CRIM.R. 10 AND CRIM.R. 11."
Under appellant's second assignment of error, it is asserted that the trial court failed to adequately apprise appellant of the effect the no contest plea would have as related to his constitutional and statutory rights. An oversight of this nature is argued to require a reversal of the trial court's sentence as the original plea cannot be viewed as having been intelligently, knowingly and voluntarily made.
 A. APPLICABLE LAW
The most serious offense with which appellant was charged was that of possession of drug paraphernalia in violation of R.C.2925.14 (C) (1), a misdemeanor of the fourth degree. All remaining charges were classified by the trial court as minor misdemeanors. Pursuant to R.C. 2929.21 (B) (4), a misdemeanor of the fourth degree provides for a term of imprisonment not to exceed thirty days in length.
Under Crim.R. 2 (C) a "serious offense" includes any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Since the offenses to which appellant was charged do not fall within the class of offenses defined pursuant to Crim.R. 2 (C), all offenses must be classified as "petty" offenses as provided in Crim.R. 2 (D). All misdemeanors which are classified as petty offenses are governed by Crim.R. 11 (E) which states as follows:
 "(E) Misdemeanor cases involving petty offenses
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
While Crim.R. 11 (E) requires the effect of a no contest plea be explained by a trial court prior to acceptance of such, rigid adherence to the requirements of the rule is not necessary.Garfield Heights v. Mancini (1997), 121 Ohio App.3d 155, 157. Substantial compliance is sufficient so long as under the totality of the circumstances a defendant subjectively understands the implications of his plea and the rights he is waiving. State v.Kaplan (Dec. 15, 1998), Belmont App. No. 95-BA-43, unreported citing State v. Nero (1990), 56 Ohio St.3d 106, 108. Additionally, this court has previously held that in order to ensure that a defendant subjectively understands the rights which he is waiving, a trial court should engage in a meaningfuldialogue with the defendant. State v. Richard (1996), 113 Ohio App.3d 141,144. This is especially true when a court is dealing with a misdemeanor offense where imprisonment is an option. Id.
While the phrase "effect of the plea" is not defined under Crim.R. 11 (E), a number of courts have considered what precisely a trial court must convey in order to comply with the dictates of the rule. In City of Toledo v. Chiaverini (1983), 11 Ohio App.3d 43, the Sixth District Court of Appeals determined that the entering of a no contest plea has the effect of waiving a number of constitutional and statutory rights and privileges. Id. at 42. Therefore, a trial court must plainly advise a defendant that by entering his plea he is essentially extinguishing his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt; his right to cross-examine the witnesses called against him; his right to testify; his right to compulsory process and his privilege against self-incrimination. Id. at 43-44.
Due to the importance of these constitutionally guaranteed rights, a number of courts have been compelled to adopt the reasoning set forth by the court in Chiaverini thereby requiring the record in any given case to affirmatively demonstrate a waiver. For example, the Twelfth, Eighth and Eleventh District Courts of Appeals have adopted similar if not identical approaches in the following cases: State v. Cady (Apr. 5, 1999), Warren App. No. CA97-09-102, unreported; City of Cleveland v. Wanzo (1998),129 Ohio App.3d 664; and State v. Filchock (1996), 116 Ohio App.3d 572.
A trial court should further advise a defendant that in the event a no contest plea is entered, the court will make a finding regarding guilt or innocence based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution or as they are presented by the complainant. Chiaverini, supra. Additionally, this court indicated in State v. Moore (1996), 111 Ohio App.3d 833, that prior to accepting a no contest plea a trial court must advise the pleading defendant as to both the minimum and maximum penalties which could be imposed.
 B. ANALYSIS
A review of the record in the case at bar reveals that appellant's no contest plea was not intelligently, knowingly and voluntarily made in the constitutional sense. We are compelled to arrive at this conclusion as it cannot be held that the trial court substantially complied with the requirement of advising appellant of the effect of his no contest plea. The following excerpt from the transcript illustrates the only instance in which the court specifically addressed appellant concerning the charges and his plea:
 "THE COURT: William Warren. Red light, possession of marijuana and possession of drug abuse paraphernalia. The drug abuse paraphernalia is a misdemeanor 4, maximum penalty, 30 days, 250 fines and costs, or both. The other two are minor misdemeanors. How do you wish to plead?
MR. WARREN: No contest.
 THE COURT: You understand, you're giving up all the rights I gave at the beginning of court; your right to counsel, your right to trial?
MR. WARREN: Fine.
 THE COURT: Have him sign the waiver of rights." (Tr. at 2).
The remainder of the dialogue between the trial court and appellant deals with the sentence which was to be imposed regarding the three charges. While the state argues that the trial court advised the gallery en masse at the beginning of the proceedings in regards to the right to counsel and the right to a jury trial, such generalities, even with the above colloquy, is still insufficient to establish that the court substantially complied with its mandate to accept a waiver of rights only when the waiver is "knowing." In the few seconds the trial court took to address appellant, absolutely no mention was made of (1) the burden upon the prosecution to prove guilt beyond a reasonable doubt; (2) the right to cross-examine witnesses; (3) the right to compulsory process; or (4) the privilege against self-incrimination. Absent any mention of these rights and privileges, it certainly cannot be held that the record affirmatively demonstrates a waiver by appellant. Chiaverini, supra. The failure to address numerous rights of such import restricts this court from holding that the trial court even marginally complied with the dictates of Crim.R. 11 (E)
Moreover, in addition to its failure to properly advise appellant of the effects of his no contest plea, the trial court further erred when it improperly advised appellant of the potential penalties which could be imposed as a result of his no contest plea. Specifically, the trial court did not advise appellant that a no contest plea could result in a one year suspension of his operators license as well as a one year period of probation. These terms of appellant's sentence certainly qualify as penalties and, thus, must be disclosed to appellant prior to the acceptance of any plea. Moore, supra.
As this court previously noted in State v. Price (Nov. 27, 1998), Mahoning App. No. 97-CA-91, unreported, "a truncated explanation of all the potential pleas and the consequences of those pleas does not satisfy the Crim.R. 11 requirements." Id. at 3. When a defendant chooses to enter a plea of no contest or guilty to any given charge, such must be done with full knowledge of the fundamental and constitutionally protected rights which are being waived. A trial court may not mechanically proceed from "Do you wish to have an attorney" to "Do you want to go forward and enter a plea" to a finding of guilt without taking the necessary steps to ensure that a defendant is aware of those rights which he is waiving by entering a plea. State v. Schniable (Apr. 9, 1997), Columbiana App. No. 95-CO-GO, unreported at 3. Proceedings such as those in the present case are not consistent with the "meaningful dialogue" which has come to be expected from trial courts accepting pleas.
For the foregoing reasons, the decision of the trial court is reversed and this cause is remanded for further proceedings consistent with this court's opinion and according to law.
Donofrio, J., concurs.
Waite, J., concurs.
 APPROVED: _________________________ JOSEPH J. VUKOVICH, JUDGE