OPINION
In this appeal Lorice Moore ("Appellant") challenges a judgment entered by the Youngstown Municipal Court denying his request to withdraw his no contest plea, imposing a maximum sentence of 180 days in jail, and ordering that the sentence be served consecutively to a term previously imposed in another case by the Court of Common Pleas. Because the record of proceedings surrounding Appellant's no contest plea and his subsequent attempts to withdraw that plea demonstrate that Appellant was not provided with his Crim.R. 11 rights, this Court reverses and remands the matter for further proceedings.
On May 30, 2000, while attempting to arrest Appellant for violating his probation in an unrelated felony case, an altercation ensued, prompting police to charge Appellant with resisting arrest and assault on a police dog (the arresting officer alleged that Appellant punched and kicked his police dog during the incident). Both offenses are misdemeanors. The Court of Common Pleas subsequently imposed a sentence of eleven months of incarceration for the probation violation. (Tr. pp. 2-3).
The misdemeanor charges were heard in Youngstown Municipal Court. The parties entered into an agreement under Crim.R. 11. The Assistant City Prosecutor advised the court of the agreement's terms as follows:
 "It is my understanding [Appellant] will be spending time in one of the Ohio correctional facilities for some time, so he will change his plea from not guilty to no contest and we ask that that incarceration be served concurrently with the other time." (Tr. p. 2).
The court accepted Appellant's no contest plea to the resisting arrest count. Before counsel could enter any plea to the assault on the police dog, however, the court interrupted and summarily found him guilty. (Tr. p. 2).
Subsequently, the judge apparently became upset when he learned of Appellant's criminal history and his mistreatment of the police dog. The court was also displeased when the officer started to laugh as he recounted the assault. Contrary to the parties' agreement, the court imposed a 180 day sentence and directed that Appellant serve that jail term consecutively to his state time. (Tr. p. 3).
Appellant's counsel at the time immediately sought to withdraw the no contest plea and take the case to trial because, as he advised the municipal court, the sentence imposed was not in accordance with the parties' agreement. The court denied the request, noting that it was not bound by Rule 11 agreements and that, in any event, it was too late for Appellant to withdraw his plea because he had already been sentenced. (Tr. pp. 4-5).
On August 11, 2000, Appellant filed his notice of appeal. Inexplicably, almost nine months elapsed before the record on appeal was filed in this Court. By then, Appellant had served his state time. Appellant's new counsel sought to stay the execution of sentence imposed in the instant matter. The municipal court denied that request on May 25, 2001. (Judgment Entry, May 25, 2001). Appellant failed to request a stay of execution in this misdemeanor matter in this Court. We must note that had Appellant done so, we would have granted the stay as a matter of course pursuant to Loc.R. I(B).
In his first assignment of error Appellant contends that,
 "THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH R.C. 2937.07 AND CRIMINAL RULE 11, BY FAILING TO ADDRESS THE DEFENDANT PERSONALLY AND INFORMING HIM OF THE EFFECT OF THE PLEAS OF GUILTY, NO CONTEST AND NOT GUILTY, AND DETERMINING THAT HE IS MAKING THE PLEA VOLUNTARILY."
Appellant maintains that the municipal court failed to fully explain the consequences involved in a change of plea in misdemeanor cases as required under R.C. § 2937.07 and Crim.R. 11. Appellee, the City of Youngstown, did not file a brief. Pursuant to App.R. 18(C), this Court may accept Appellant's statements of the facts and issues as correct and may reverse the matter if his brief reasonably appears to support reversal. Based on the record here, we conclude that reversal is warranted.
Appellant has essentially asked this Court to review the municipal court's decision denying his motion to withdraw his no contest plea. Motions seeking to withdraw "guilty" or "no contest" pleas are governed by Crim.R. 32.1, which provides as follows:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
Here, Appellant told the court that he wished to withdraw his no contest plea immediately after the court refused to impose sentence in accordance with the plea agreement. While such requests made before the imposition of sentence are to be granted liberally, those sought after sentencing are allowed only upon a showing of manifest injustice. Statev. Xie (1992), 62 Ohio St.3d 521, 527.
To prevail on a motion under Crim.R. 32.1, the defendant must show that there was an extraordinary and fundamental flaw in the proceedings during which he entered the plea. State v. Smith (1977), 49 Ohio St.2d 261,264. This Court reviews a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. State v. Battaglia (March 26, 1993), 11th Dist. No. 92-L-011; citing Smith, supra, at 263.
Factors relevant to whether the trial court abused its discretion in denying a motion to withdraw a plea include: 1) whether the accused was represented by counsel at the time of the plea; 2) whether the accused received a full hearing under Crim.R. 11 before entering his plea; 3) whether the trial court afforded the accused an impartial hearing on his motion to withdraw the plea; and 4) whether the record establishes that the trial court gave full and fair consideration to the plea withdrawal request. State v. Hart (September 16, 1988), 6th Dist. No. L-87-371; citing, State v. Peterseim (1980), 68 Ohio App.2d 201, 214.
Appellant maintains that when it accepted his no contest plea, the municipal court failed to instruct him as required under Crim.R. 11(D). Addressing misdemeanors that involve serious offenses, Crim.R. 11(D) provides that,
 "In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing [him] of the effect of [such pleas] and determining that the defendant is making the plea voluntarily."
Appellant argues that because the available penalty for assaulting a police dog is 180 days in jail, this was a "serious offense" justifying a Crim.R. 11(D) colloquy.
A serious offense is defined as any felony, or a misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim.R. 2(C). Appellant was charged with two offenses: 1) resisting arrest in violation of R.C. § 2921.33(A), a second degree misdemeanor carrying a maximum sentence of 90 days; and 2) knowingly causing or attempting to cause physical harm to a police dog while that animal was assisting a law enforcement officer in the performance of his official duties as prohibited under R.C. § 2921.321(A)(1), a first degree misdemeanor with a maximum penalty of six months.
Since 180 days is equivalent to, but not greater than, six months, Appellant's conduct was more properly categorized as a petty offense as described under Crim.R. 2(D). Defendants who enter no contest or guilty pleas to petty offenses are not entitled to the benefits of a Crim.R. 11(D) colloquy. Nevertheless, Appellant insists that his was a "serious offense", relying on this Court's decision in State v. Moore (1996),111 Ohio App.3d 833. A review of that decision, however, demonstrates that such reliance is misplaced.
In Moore, the defendant was charged with vehicular homicide and driving under a license suspension. Both offenses were first degree misdemeanors, each with a maximum sentence of six months. In holding that the trial court ought to have treated these offenses as "serious offenses" before it determined which Rule 11 admonishments were appropriate, this Court stressed that the defendant's sentencing exposure could have been, and ultimately was, one year in prison. Id. at 835.
This case, however, does not turn on whether the offense to which Appellant initially sought to enter his no contest plea was considered serious or petty. Even a petty offense plea requires a certain level of information be given. Under Crim.R. 11(E), where the plea involves a petty offense, the trial court must first inform the defendant of the effect of a guilty, no contest, and not guilty plea. Furthermore, though less stringent than the duties imposed under Crim.R. 11(D), Crim.R.(E) nevertheless requires the record to affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently and knowingly.Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216, para 2 of syllabus.
This Court has held that there must be a meaningful dialogue between the court and the defendant before the court accepts the defendant's guilty or no contest plea whenever there is the possibility of incarceration. State v. Richard (1996), 113 Ohio App.3d 141, 145. When a trial court violates Crim.R. 11(E) by failing to inform the defendant of the effect of his plea, even to a petty offense, it commits reversible error. Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 668.
The transcript of proceedings in the instant case demonstrates the absence of meaningful dialogue, or any reasonable communication for that matter, as contemplated under Crim.R. 11(E). Thus, under no set of circumstances does it appear that Appellant entered his plea knowingly and voluntarily.
Based on the above, the municipal court should have allowed Appellant to change his plea. The court's summary refusal to do so is not warranted from the record before us, and it appears that the matter was so fundamentally flawed as to result in substantial injustice. Accordingly, Appellant's first assignment of error has merit.
Appellant also contends that,
 "THE TRIAL COURT ERRED IN SENTENCING APPELLANT AS SAID SENTENCE WAS CONTRARY TO LAW."
Appellant maintains that the municipal court had no authority to impose a sentence of 180 days where the maximum sentence allowed by law for the offense of resisting arrest, a second degree misdemeanor, was 90 days.
Because of the manner in which Appellant's no contest plea was accepted and entered, it is impossible to ascertain on review whether Appellant pleaded no contest to the resisting arrest count, the count involving assault on a police dog, or both. Certainly, there was no discussion below concerning the potential sentences available for those offenses as required under Crim.R. 11(E). Moreover, although it is possible to deduce that Appellant anticipated entering no contest pleas to both offenses, he was not given the opportunity. Accordingly, in light of the discussion addressing Appellant's first assignment of error, this matter is hereby reversed and remanded for further proceedings consistent with law and this opinion.
Donofrio, J., and DeGenaro, J., concur.