OPINION
Defendant-appellant, William McDowell, Jr., appeals a decision of the Youngstown Municipal Court denying his motion to withdraw his guilty plea.
On February 2, 2001, appellant was charged with domestic violence, in violation of R.C. 2919.25, in Youngstown Municipal Court. Initially, appellant pled not guilty and obtained his own counsel. The case proceeded to discovery and several pretrial matters. On May 25, 2001, plaintiff-appellee, State of Ohio, amended the charge to assault, a violation of R.C. 2903.13(A), to which appellant pled no contest. On July 3, 2001, the trial court sentenced appellant to one hundred eighty days in jail. On July 12, 2001, appellant filed a motion to withdraw his no contest plea pursuant to Crim.R. 32.1. After a hearing on the motion on August 1, 2001, the trial court denied the motion. This appeal followed.
Appellant's sole assignment of error states:
 "The Trial Court abused its discretion by denying Appellant's Motion to Withdraw his no contest plea pursuant to Criminal Rule of Procedure 32.1."
Appellant gives several reasons why the trial court should have granted his motion. First, he maintains his innocence. Second, he states that he did not understand the nature of his plea because he had been using drugs. Third, he states that he thought that pleading no contest was a means in order to obtain rehabilitation and counseling that the alleged victim wanted him to get. Since the trial court's noncompliance with Crim.R. 11 is dispositive of this appeal, this memorandum will only address that aspect of appellant's alleged error.
Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The burden of establishing manifest injustice is on the movant. State v.Smith (1977), 49 Ohio St.2d 261, at paragraph one of the syllabus. The burden is on the movant in order to discourage a defendant from pleading guilty to test the weight of the potential sentence, and later withdrawing the plea if the sentence was unexpectedly severe. State v.Caraballo (1985), 17 Ohio St.3d 66, 67.
Whether or not to grant a Crim.R. 32.1 motion is within the trial court's sound discretion. Smith, supra, at paragraph two of the syllabus. Therefore, an appellate court may not reverse the trial court's decision absent an abuse of discretion. Caraballo, supra. Abuse of discretion connotes more than an error in law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
State v. Peterseim (1980), 68 Ohio App.2d 211, paragraph three of the syllabus, articulated four specific factors applicable to a determination of whether or not a trial court abused its discretion in overruling a motion to withdraw a guilty plea as follows: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was afforded a full hearing pursuant to Crim.R. 11 before entering the guilty plea, (3) whether the accused was given a complete and impartial hearing on the motion to withdraw his plea and (4) whether the record reveals the trial court gave full and fair consideration to the request to withdraw a guilty plea.
Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than [a] serious offense." Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Appellant was charged with a violation of R.C. 2903.13(A), assault, which is a misdemeanor of the first degree punishable by up to six months in jail. By the definitions stated above, appellant was charged with a petty offense and was therefore afforded the protections encompassed by Crim.R. 11(E).
Crim.R. 11(E) states, in relevant part: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
Crim.R. 11(E) requires that a defendant have the effect of a plea explained to him before the court may accept a no contest plea. GarfieldHeights v. Mancini (1997), 121 Ohio App.3d 155, 157. Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with its requirements as long as the record reflects that under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea by subjectively understanding the effect of the plea and his rights waived. Id. at 156-157. A meaningful dialogue between the court and a defendant is required in misdemeanor cases with a possibility of imprisonment. Statev. Richard (1996), 113 Ohio App.3d 141, 144. In addition, we have previously held that being advised as to the effect of a plea includes having the possible maximum or minimum sentences explained to the defendant. State v. Moore (1996), 111 Ohio App.3d 833, 838.
In this case, the trial court informed appellant that the charge of assault was a misdemeanor of the first degree punishable by up to six months in jail and fine of up to $1,000. However, the trial court did not advise appellant of the effect of his plea. The trial court did not explain the significance of pleading no contest, of waiving a jury trial, of the effect on appellate review of his case, of the right to speedy trial, or of any of the other constitutional rights waived by such a plea. See State v. Brum (June 29, 2000), 7th App. No. 99-CO-28. Therefore, there is insufficient evidence to indicate that the court found that appellant entered his plea knowingly, intelligently, and voluntarily.
Accordingly, appellant's sole assignment of error has merit.
Appellant's plea of no contest is hereby vacated and the matter remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Vukovich, J., concurs.
DeGenaro, J., concurs.