OPINION
{¶ 1} Defendant-appellant, David L. Bailes, appeals his conviction on the charge of driving under the influence entered in Mahoning County Court No. 4 subsequent to his guilty plea.
 {¶ 2} On July 8, 2001, appellant was involved in an accident. Trooper P.J. Robinson arrived on the scene and subsequently charged appellant with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(3) and an improper turn at an intersection in violation of R.C. 4511.36. Appellant entered a plea agreement on October 29, 2001 whereby he pled guilty to a violation of R.C. 4511.19(A)(3). The court found appellant guilty and sentenced him to 30 days in jail with 27 days suspended, a $350.00 fine and 12 months non-reporting probation. Additionally, the court suspended appellant's driver's license for 180 days. Appellant filed his timely notice of appeal from this judgment on November 23, 2001.
 {¶ 3} Appellant raises one assignment of error, which states:
 {¶ 4} "THE TRIAL COURT ERRED IN ACCEPTING THE DEFENDANT PLEA AS THE COURT FAILED TO FOLLOW THE PROCEDURES ESTABLISHED IN RULE 11(E) OF THE OHIO RULES OF CRIMINAL PROCEDURE AND THEREFORE VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS."
 {¶ 5} Appellant argues that the trial court failed to advise him of the effect of the pleas of guilty, not guilty and no contest in accordance with Crim.R. 11(E) before it accepted his guilty plea. Appellee concedes that the trial court erred in this respect and requests that we remand this case for trial.
 {¶ 6} Crim.R. 11(E) provides in pertinent part:
 {¶ 7} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 8} Because the offense in this case is considered a petty offense according to Crim.R. 2(D), the trial court was required to advise appellant of the effect of entering a plea of guilty, no contest and not guilty before accepting his plea.
 {¶ 9} This court set out guidelines for compliance with Crim.R. 11(E) in State v. Jones (Dec. 20, 1999), 7th Dist. No. 98 C.A. 165. We stated:
 {¶ 10} "Crim.R. 11(E) requires that a defendant have the effect of a plea explained to him before the court may accept a no contest plea.Garfield Heights v. Mancini (1997), 121 Ohio App.3d 155, 157. Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with its requirements as long as the record reflects that under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea by subjectively understanding the effect of the plea and his rights waived. Id. at 156-157. A meaningful dialogue between the court and a defendant is required in misdemeanor cases with a possibility of imprisonment. Statev. Richard (1996), 113 Ohio App.3d 141, 144. In addition, we have previously held that being advised as to the effect of a plea includes having the possible maximum or minimum sentences explained to the defendant. State v. Moore (1996), 111 Ohio App.3d 833, 838." Id.
 {¶ 11} In the case sub judice, the trial court did engage in a cursory dialogue with appellant. It asked appellant if he had discussed his plea with his attorney and if he understood the terms and conditions of the plea agreement, to which appellant responded in the affirmative. (Tr. 3-4). The court also asked appellant if he understood that by entering a guilty plea he waived his "rights to trial, the right to subpoena witnesses and et cetera." (Tr. 4). Again, appellant answered "yes." (Tr. 4). However, this limited colloquy falls short of substantial compliance with Crim.R. 11(E). The court failed to mention, let alone, explain the effect of a plea of guilty, no contest and not guilty as the rule requires.
 {¶ 12} A guilty plea is more than an admission of conduct; it is a conviction. Boykin v. Alabama (1969), 395 U.S. 238, 242. A defendant who enters a guilty plea waives several constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront his accusers. Id. Therefore, a trial court must ensure a defendant enters his plea both knowingly and intelligently. Since the trial court in this case failed to make certain that appellant entered his plea knowingly, appellant's assignment of error has merit. Thus, appellant's guilty plea is set aside, and the original charges are reinstated.
 {¶ 13} For the reasons stated above, the decision of the trial court is hereby reversed and remanded for further proceedings according to law and consistent with this opinion.
Vukovich, J., concurs.
Waite, J., concurs.