OPINION.
{¶ 1} Defendant-appellant David A. Lovell ("Lovell") brings this appeal from the judgment of the Tiffin City Municipal Court finding him guilty of driving while under an administrative license suspension and reckless operation.
 {¶ 2} In September of 2002, Lovell was charged with driving while under the influence. An Administrative License Suspension ("ALS") was imposed. On November 12, 2002, Lovell was arrested for driving while under suspension and for reckless operation of a motor vehicle. A hearing was held on the charges on February 25, 2003. At the hearing, the State dismissed the DUI charge for lack of evidence and Lovell entered a no contest plea to the remaining charges. Lovell was found guilty and sentenced to serve 60 days with 57 days suspended and three days credited for time served.
 {¶ 3} Lovell, in his pro se brief, raises several assignments of error which are difficult to understand. Generally, Lovell assigns error to the procedures used by the trial court, to the trial court's consideration of his past driving offenses greater than ten years old, to the conduct of the arresting officers, and claims that his counsel was ineffective.
 {¶ 4} Lovell claims that the trial court did not follow the proper procedures. "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Crim.R. 11(E). In a petty offense case, the court must still advise the defendant of the same constitutional rights that a defendant in a felony case would be entitled to have explained. Cleveland v. Wanzo (1998) 129 Ohio App.3d 664,718 N.E.2d 982. When a trial court accepts a no contest plea to a misdemeanor without first complying with Crim.R. 11, prejudice is presumed even if the defendant is represented by counsel. State v. Moore
(1996), 111 Ohio App.3d 833, 677 N.E.2d 408. Whenever the possibility of incarceration exists, a meaningful dialogue between the court and the defendant is required prior to acceptance of a no contest plea. State v.Morrow 3rd Dist. No. 9-02-12, 2002-Ohio-2982.
 {¶ 5} In this case, the trial court did not address the defendant personally at any time prior to accepting the no contest plea. The trial court did not discuss the nature of the charges, the potential sentences, any rights the defendant would be waiving, or even if the plea was being voluntarily made. The only dialogue was between the trial court and the attorneys.
The Court: All right. Mr. Crall, you've heard the recommendation of theprosecutor. Is there any — Uhm, have you had an opportunity to speakwith Mr. Lovell about this?
 Mr. Crall: Yes, I have, Your Honor.
 The Court: And does, does Mr. Lovell aware of the implications of achange of plea here today?
 Mr. Crall: Yes, he is.
 The Court: Do you understand that the Court's not bound by thisrecommendation; the Court can impose either a greater or lesser penaltyas it deems appropriate?
 Mr. Crall: Yes, he is, Your Honor.
 The Court: All right. Mr. Lovell, have you had enough time to speakwith Mr. Crall with (sic) about this?
 Mr. Lovell: Yes sir.
 The Court: Okay. Do you need anymore time to discuss the case at all?
 Mr. Lovell: No, sir. I'm — I'm ready to plea. I would like you tolend ear to, uh, a statement.
 The Court: Okay. That would be fine.
 Mr. Lovell: I'm ready to plea.
 The Court: Okay. Well, with that the, the Court will accept your plea.Uhm, and — Oh, I'm sorry. Mr. Crall, how does your client wish toplea in this case?
 Mr. Crall: You Honor, we wish to plead no contest.
Tr. 6-7. After this discussion, Mr. Lovell was permitted to make a statement about the facts of this case, which focused on his good driving record. The trial court then found Mr. Lovell guilty of the charges and sentenced him. No discussion was had about the effect of the plea as required by Crim.R. 11(E). Without this discussion, the trial court errs by accepting the plea of no contest. Thus, there is error in the proceedings of the trial court and the matter must be reversed.
 {¶ 6} The remaining issues seem to be concerned with the original arrest for the DUI. That charge was dismissed by the State because the State felt it lacked the ability to prove the charge beyond a reasonable doubt at trial. Thus, there is no right to appeal anything arising from that arrest. The remaining issues raised in the assignments of error are made moot by the remand of the case and need not be addressed at this point in the proceedings.
 {¶ 7} The judgments of the Tiffin City Municipal Court are reversed and the cause is remanded for further proceedings.
Judgments reversed and cause remanded.
WALTERS and CUPP, JJ., concur.