**CITY OF GARFIELD HEIGHTS, Appellee,**

v.

**MANCINI, Appellant.**

[Cite as *Garfield Hts. v. Mancini* (1997), 121 Ohio App.3d 155.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70523.

Decided July 14, 1997.

*James J. McGrath, IV*, Garfield Heights Prosecuting Attorney, for appellee.
*John Mancini, pro se.*

NAHRA, Judge.

On March 22, 1996, appellant John Mancini appeared in Garfield Heights Municipal Court pursuant to theft and obstruction of official business offenses. Obstruction of official business, R.C.2921.31, is a second degree misdemeanor. At his appearance, appellant, with counsel, waived his preliminary hearing on the theft charges, was assigned bond, and was bound over to the court of common pleas. He then entered a no contest plea to the charge of obstruction of official business, was found guilty, and was sentenced to ninety days in the Cuyahoga County Jail and a fine of $750, which was suspended due to his indigency.

Appellant, by leave of court, filed an amended brief on March 14, 1997.

We address appellant's second assignment of error, which reads:

"2. Appellant was denied due process and the equal protection of the law where the trial court failed to instruct the appellant on the maximum penalty under Ohio law prior to his plea of no contest to the offense of obstruction of official business, O.R.C. 2921.31"

A violation of R.C. 2921.31 is a second degree misdemeanor punishable by less than six months in jail, and the entry of appellant's plea is controlled by Crim.R. 11, which states:

"(E) Misdemeanor Cases Involving Petty Offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

"The counsel provisions of Rule 44(B) and (C) apply to this subdivision."

Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with its requirements as long as the record reflects that under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea by subjectively understanding the effect of the

plea and his rights waived. See *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163.

In this case, the court explained to appellant the rights he would be waiving by entering a plea of no contest. The court further explained to appellant that it could enter a finding of guilty and proceed to sentence appellant upon his plea. See R.C. 2937.07. However, the court did not inform appellant of the possible penalty that could be imposed.

■ Crim.R. 11(E) requires that the defendant have the effect of the plea explained to him before the court may accept a no contest plea. We have held that failure to inform a defendant of the potential penalty prior to accepting a plea of no contest is reversible error. See, *e.g.*, *Euclid v. Winters* (Apr. 21, 1994), Cuyahoga App. No. 65013, unreported, 1994 WL 144518 (fine vacated where court did not inform defendant of possibility of fine upon finding of guilt following no contest plea); see, also, *State v. Moore* (1996), 111 Ohio App.3d 833, 677 N.E.2d 408 (under Crim.R. 11(E), a court is required to advise the defendant of the effect of his plea, which "means that the possible minimum and maximum penalties should [be] explained to [defendant]").

Because the trial court failed to inform the defendant of the possible sentence he could receive, it did not substantially comply with Crim.R. 11(E) in this case. Accordingly, appellant's second assignment of error is well taken. Appellant's first, third, fourth, and fifth assignments of error are rendered moot and need not be addressed. See App. R. 12(A)(1)(c).

The trial court's judgment is reversed, appellant's plea is vacated, and this cause is remanded to the Garfield Heights Municipal Court.

*Judgment reversed*
*and cause remanded.*

PORTER, P.J., and KARPINSKI, J., concur.