Defendant, Linda Joefreda, appeals from her conviction and sentence on two counts of assault, which was entered upon her guilty pleas.
On November 17, 1997, while police officers were investigating an incident involving Linda Joefreda, she became upset and slapped Officer White in the face. Subsequently, Ms. Joefreda kicked Officer Salyers in the head.
Following plea negotiations between Joefreda's attorney, the Greene County prosecutor's office, and the respective police departments involved, Linda Joefreda was charged by complaint in Xenia Municipal Court with two counts of assault in violation of R.C. 2903.13(A).
On June 17, 1998, Ms. Joefreda appeared before the Municipal Court and entered a guilty plea to both charges. The guilty pleas were accepted and Ms. Joefreda was sentenced to ninety days in jail plus a fine of $250 and court costs on each count. The jail terms were ordered to run concurrently.
From her conviction and sentence Linda Joefreda has timely appealed to this court. She presents four assignments of error for our review. However, we shall address only the first assignment of error because our resolution of that claim is dispositive of this appeal.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FAILED TO INFORM THE DEFENDANT-APPELLANT OF THE EFFECT OF THE PLEAS OF GUILTY.
Defendant-Appellant entered pleas of guilty to two counts of Assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. First degree misdemeanors are punishable by terms of imprisonment of not more than six months. R.C.2929.21(B)(1). Therefore, pursuant to Crim.R. 2(C) and (D), the offenses involved are classified as "petty offenses."
Crim.R. 11(E) governs the proceedings in pleas of guilty and no contest in misdemeanor cases involving petty offenses. The Rule provides, inter alia, that the court "shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."
Crim.R. 11(E) does not define the term "effect of the pleas" in relation to a plea of guilty. However, because that plea is conclusive of guilt its principal effect is a waiver by the defendant of his right to a trial to determine guilt. In that event, the record must affirmatively demonstrate that the waiver was intelligent and voluntary. Boykin v. Alabama (1969),395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.
In order to be both intelligent and voluntary, a guilty plea must be entered with an understanding on the defendant's part of certain constitutional rights he waives thereby. Therefore, and in order to satisfy the requirement of an affirmative showing, "a guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf." State v. Ballard (1981),66 Ohio St.2d 473, at 478. That a plea of guilty or no contest waives those rights is an effect of the pleas of which, pursuant to Crim.R. 11(E), the defendant must be informed. Id.
Crim.R. 11 was adopted to facilitate a determination of the voluntariness of a defendant's pleas of guilty or not contest by ensuring an adequate record for review with respect to whether he waived his constitutional rights knowingly.State v. Nero (1990), 56 Ohio St.3d 106. The dual interests underlying that need were identified in State v. Ballard,supra:
 "The first interest is that of the criminal defendant. The criminal defendant's interest [423 N.E.2d 119] is having a full understanding of what rights he waives by pleading guilty. This interest is best protected when the trial court fully informs the defendant what those rights are.
 There is a second, broader, interest involved here. The interest of society in the finality of guilty pleas.
 " * * * (T)o the extent that improperly administered pleas generate and encourage appeals which are time consuming, burdensome and difficult to process, the societal interests in rehabilitation, speedy justice, swift punishment and deterrence are thwarted." United States v. Carter (C.A. 3, 1980), 619 F.2d 293, 297.
 This goal is best served by the requirement that the trial court shall inform a criminal defendant that he waives his constitutional trial rights by pleading guilty."
Id., at 478. "When the judge discharges that function, (the judge) leaves a record adequate for any review that may later be sought . . ., and forestalls the spin-off of collateral proceedings that seek to probe murky memories." Boykin v.Alabama, supra, 395 U.S., at 244.
While strict compliance with Crim.R. 11 is the preferred practice, substantial compliance is sufficient so long as the record reflects that, under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea, subjectively understanding the implications of his plea and the rights being waived. State v. Nero, supra; Statev. Stewart (1977), 51 Ohio St.2d 86. Failure to at least substantially comply with Crim.R. 11(E)'s requirement that the effect of defendant's guilty plea be explained to him before the court may accept that plea constitutes reversible error.Garfield Hts. v. Mancini (1997), 121 Ohio App.3d 155.
Joefreda asserts that the municipal court accepted her guilty pleas without first informing her about any of the constitutional rights she waived by her plea. Thus, Joefreda argues that the court failed to even substantially comply with Crim.R. 11(E)'s requirement that the court inform a defendant of the effect of his or her guilty plea. Our review of the plea transcript supports Joefreda's assertion.
At the plea hearing the majority of the dialogue was between the court and defense counsel and concerned an explanation of Joefreda's conduct and the facts underlying these assault charges. There was also a discussion between the court and defense counsel about the plea bargain in this case and whether it included an agreement that Joefreda's sentence would not include a term of imprisonment, or whether the prosecutor had merely agreed not to oppose probation. The only portions of the dialogue at the plea hearing that directly involved Joefreda are as follows:
 THE COURT: Let's — all right. Let's — assume that she disagrees with the arrest. What right did she have to hit or kick a police officer?
 MR. DENNY: The one where the slap is being talked about, because that is when the officer leaned over and said something to — what were the words that he said to you in the car? You tell her.
THE COURT: You better tell me.
 THE DEFENDANT: Well, Officer White, I guess, from what I understand, went to school with my ex-husband.
 THE COURT: No, no, I want to know what he said. I don't want to hear a history about this.
THE DEFENDANT: I'm sorry. I'm sorry. I'm nervous.
He said, "Pretty boy is going to jail."
 MR. DENNY: And he leaned over — you are in your car in the passenger —
 THE DEFENDANT: Yes. He invaded my personal space, very close. I mean, very close up by my ear.
 MR. DENNY: Okay. Up to that point in time, there was no scuffle going on?
 THE DEFENDANT: No. I was in the car. Officer Loudermilk is going to take me — I'm agreeing to go home at this point.
 MR. DENNY: Okay. Officer Loudermilk is the officer that you encountered previously and he's the main officer —
THE DEFENDANT: Yes.
 MR. DENNY: You have known him well and everything seemed well at this point?
THE DEFENDANT: Yes.
 THE COURT: What is the reason that she kicked the other police officer in the head?
 MR. DENNY: You were in the back of the cruiser at this point in time?
 THE DEFENDANT: I think I was hysterical at that point, and I'm not trying to justify it at all, and I deeply regret it.
 MR. DENNY: You were not trying to kick anybody. You were just kicking?
THE DEFENDANT: No, I was just hysterical.
 MR. DENNY: Okay. Again, all of these facts and details were gone over by Mr. Mesaros.
 THE COURT: Well, Mr. Mesaros can issue a penalty when he's on the bench.
MR. DENNY: I understand.
 THE COURT: I don't mean to be argumentative with you, counsel. You did not do this. But you can't change the facts. I don't know, but, if you think the wording of something said to you is improper, you cannot strike a police officer.
Do you understand that?
THE DEFENDANT: Yes, I do.
THE COURT: You cannot kick a police officer.
Do you understand that?
THE COURT: Yes, I do.
(Transcript of Plea Hearing at pages 8-11.)
A review of the record of the plea hearing in this case clearly reveals no compliance by the court, literal or substantial, with Crim. R. 11(E). The court did not inform Linda Joefreda of the effect of her guilty pleas prior to accepting those pleas. Joefreda was not informed about any of the constitutional rights identified in Ballard, supra, that she waived by entry of her guilty pleas. Neither was she informed about the potential penalty that could be imposed upon entry of those guilty pleas. Garfield Hts. v. Mancini, supra.
Therefore, it was plain error for the trial court to accept Joefreda's guilty plea. Boykin v. Alabama, supra.
We note that Appellee in this appeal, the City of Bellbrook, has conceded the existence of reversible error, stating:
 After reviewing the transcript of the hearing of June 17, 1998, it appears that the Trial Court failed to inform the Defendant of the effect of her guilty plea. This may be due in part, to confusion caused by the defense (Tr 2 3). In any event, the Trial Court failed to inform the Defendant of the potential penalty for two counts of assault.
 Because the Trial Court failed to inform the Defendant of the possible sentence she could receive, it did not substantially comply with Criminal Rule 11E in this case. Garfield Hts. v. Mancini (1997), 121 Ohio App.3d 155.
 Appellant's first assignment being well taken, the remaining assignments of error are rendered moot and need not be addressed.
 The City concurs in a reversal of the Trial Court's judgment, vacation of the plea, and remand to the Xenia Municipal Court for a timely adjudication on the merits.
Appellee's Brief at p. 1.
The first assignment of error is sustained. The judgment of the municipal court is reversed and Defendant's guilty plea is vacated. This case is remended to the municipal court for further proceedings consistent with this opinion. Because our resolution of this assignment of error is dispositive of the appeal, the remaining assignments of error are rendered moot. Thus, pursuant to App.R. 12(A), we need not decide them.
GRADY, P.J., WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Stephen K. Haller, Esq. Larry J. Denny, Esq. Hon. Susan L. Goldie