OPINION
Defendant-appellant, Karen Jones, appeals her conviction in the Youngstown Municipal Court on one count of assault and one count of criminal damaging.
On June 18, 1998, appellant was involved in a "road rage" incident with Walter and Tiffany Labozan in which appellant retrieved a golf club from the trunk of her car and used it to inflict physical harm upon Walter Labozan and damage to a car belonging to Tiffany Labozan. On June 19, 1998, appellant was charged with felonious assault, in violation of R.C. 2903.11 (A) (2), criminal damaging or endangering, in violation of R.C.2909.06 (A) (1), disorderly conduct, in violation of R.C. 2917.11
(A) (1), and resisting arrest, in violation of R.C. 2921.33 (A).
On July 15, 1998, appellant appeared before Judge Andrew Polovischak. Counsel for plaintiff-appellee, the State of Ohio, stated on the record that pursuant to Crim.R. 11, an agreement had been entered into, under which appellant would enter a plea of no contest to an amended charge of assault, in violation of R.C. 2903.13, and no contest to the charge of criminal damaging. In addition, appellee agreed to dismiss the charges of disorderly conduct and resisting arrest. The trial court accepted the pleas, made a finding of guilty, and ordered a presentence investigation.
Appellant was sentenced on both charges on July 24, 1998. For the charge of assault, appellant received 180 days in county jail, 175 of which were suspended, and for the charge of criminal damaging appellant received a 90 day sentence, all of which was suspended. In addition, appellant received two years of probation and was ordered to pay restitution of $271.14.
On August 24, 1998, appellant filed a timely notice of appeal. Appellant brings two assignments of error, the first of which states:
 "The Trial Court Erred To The Prejudice of Appellant When It Accepted Her No Contest Plea Without First Informing Her of Her Rights And Waiver of Same."
Appellant argues that in accepting her plea, the trial court failed to address her personally and advise her of the effect of her plea as required by Crim.R. 11 (D). In addition, appellant claims that the trial court failed to inform her that she was waiving her Fifth and Sixth Amendment rights, and failed to explain the possible sentences appellant could have received. As such, appellant claims her pleas were not intelligently, knowingly, and voluntarily made.
Appellee has failed to file a brief in this matter. Therefore, pursuant to App.R. 18 (C) this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
The crime of assault is a first degree misdemeanor. R.C.2903.13 (C). Criminal damaging or endangerment is a second degree misdemeanor, unless the violation involves a risk of physical harm to any person in which case the offense is a first degree misdemeanor. R.C. 2909.06 (B). The terms of imprisonment for first and second degree misdemeanors are not more than six months and not more than ninety days respectively. R.C. 2929.21 (B).
Under Crim.R. 2 (C) a "serious offense" includes any misdemeanor for which the prescribed penalty includes confinement for more than six months. Because neither of the charges were "serious offenses" appellee's pleas herein are governed by Crim.R. 11 (E), which states:
 "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
Crim.R. 11 (E) requires that a defendant have the effect of a plea explained to him before the court may accept a no contest plea. Garfield Heights v. Mancini (1997), 121 Ohio App.3d 155,157. Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with its requirements as long as the record reflects that under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea by subjectively understanding the effect of the plea and his rights waived. Id. at 156-157. A meaningful dialogue between the court and a defendant is required in misdemeanor cases with a possibility of imprisonment. State v. Richard (1996), 113 Ohio App.3d 141,144. In addition, we have previously held that being advised as to the effect of a plea includes having the possible maximum or minimum sentences explained to the defendant. State v.Moore (1996), 111 Ohio App.3d 833, 838.
In the instant case, the entire colloquy between the trial court and appellant regarding the pleas was as follows:
 "THE COURT: COUNSEL, THERE IS [sic] TWO REMAINING CHARGES, THE AMENDED CHARGE AND CRIMINAL DAMAGING; WHAT IS THE PLEA?
 "MR. CURRY: We'll enter plea of no contest, withdrawing the former plea of not guilty, stipulate to a finding and request the court to hear some words in mitigation, actually request a PSI.
 "THE COURT: MS. JONES, DO YOU UNDERSTAND WHAT'S GOING ON?
"THE DEFENDANT: Basically, yes, I do.
 "THE COURT: YOUR ATTORNEY HAS IT'S YOUR UNDERSTANDING THAT WE'RE AMENDING THIS CHARGE DOWN TO AN ASSAULT?
"THE DEFENDANT: Yes.
 "THE COURT: IT'S YOUR INTENTION TO ENTER A PLEA OF NO CONTEST?
"THE DEFENDANT: Yes, sir.
 "THE COURT: YOU UNDERSTAND, I'M GOING TO MAKE A FINDING OF GUILT?
"THE DEFENDANT: Yes, sir.
 "THE COURT: SHOW PLEA OF NO CONTEST; MAKE A FINDING OF GUILTY. SET FOR PSI." (Tr. 4)
There is nothing in the record or the transcript of proceedings to suggest that appellant was informed of the possible sentences she could face or of the rights she was waiving by entering her pleas. The record on appeal fails to demonstrate that appellant's pleas were voluntarily, knowingly, or intelligently made or that the trial court complied even marginally with Crim.R. 11 (E). Because appellant was not informed in any way as to the effect of entering her pleas of no contest, appellant's first assignment of error has merit.
Appellant's second assignment of error states:
 "The Trial Court Erred In Sentencing Appellant Without Complying With Criminal Rule 32 (A)(1)."
Appellant argues that she was denied the opportunity to speak on her own behalf in mitigation of punishment prior to sentencing. However, based on the fact that appellant's pleas were not knowingly and voluntarily entered, as discussed in appellant's first assignment of error, appellant's second assignment of error is moot. See App.R. 12 (A) (1) (c)
Accordingly, the judgment of the trial court is reversed, appellant's pleas of no contest are vacated, and the matter is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Cox, J., dissents; see dissenting opinion
Vukovich, J., concurs
 APPROVED: ___________________________ Gene Donofrio Judge