OPINION
Defendant-appellant, Richard Johnjulio, appeals his conviction on the charge of public indecency entered in the Youngstown Municipal Court subsequent to his plea of no contest.
On two occasions Solange Nevels observed appellant masturbating in his car on the corner of Fifth Avenue in Youngstown while she was walking up Crandall Avenue to Hayes Middle School. On the first occasion she was with her friend who did not observe appellant. On the second occasion she was with her brother, Nigel, who also observed appellant masturbating. Solange reported the incidents to her principal, Lawrence Lushinsky, who in turn notified the police. She provided Principal Lushinsky with a description of appellant and his vehicle including a partial license plate identification.
Youngstown Patrolman Anthony Marzullo interviewed Solange and Nigel and prepared a report of the incidents involving appellant.
The next morning Officer Marzullo patrolled the area around Hayes Middle School. Solange had described the car as being gray with yellow and blue Pennsylvania license plates and with the partial license plate number "BEG 679." Marzullo testified that he encountered a gray Plymouth hatchback bearing a yellow and blue Pennsylvania license plate numbered "BEG 7629" parked on the side of the road at Ford and Crandall Avenue, diagonally from Hayes Middle School. Marzullo activated his lights and asked the driver (appellant) to step out of the vehicle. When the driver stepped out of the car his pants zipper was down and his button was undone. Marzullo asked him a few questions, obtained information as to his identity, took a Polaroid of him and sent him on his way. Subsequently, Marzullo showed Solange the photograph of appellant, which she identified as being the man she saw masturbating.
Appellant was charged with public indecency in violation of R.C.2907.09. He filed a motion to suppress identification testimony from Solange and Nigel predicated on the single photograph. A hearing was held on the motion on February 23, 1999. The court denied the motion. Pursuant to a Rule 11 agreement, appellant then withdrew his prior not guilty plea and entered a plea of no contest. The court found appellant guilty and sentenced him to a $100 fine, thirty days in jail suspended upon conditions of probation, and twelve months reporting probation with the condition that appellant attend and successfully complete sexual deviant counseling. The court stayed appellant's sentence pending this appeal. Appellant filed his notice of appeal on March 19, 1999.
Appellant alleges two assignments of error. His second assignment of error will be addressed first.
Appellant's second assignment of error states:
 "At the time of the Plea, the Court failed to provide the Defendant with any explanation of the Constitutional rights he was giving up by entering a Plea. Rule 11(D) of the Ohio Rules of Criminal Procedure require that a Court, when accepting a plea, discern with some degree of certainty that Defendant has voluntarily given up his Due Process rights, including the effect of his plea."
Crim.R. 11(E) governs the present case. It states:
 "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
This court previously addressed a similar situation inState v. Jones (Dec. 20, 1999), Mahoning App. No. 98-CA-165, unreported, 1999 WL 1279170. In Jones we stated:
 "Crim.R. 11(E) requires that a defendant have the effect of a plea explained to him before the court may accept a no contest plea. Garfield Heights v. Mancini (1997), 121 Ohio App.3d 155, 157. Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with its requirements as long as the record reflects that under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea by subjectively understanding the effect of the plea and his rights waived. Id. at 156-157. A meaningful dialogue between the court and a defendant is required in misdemeanor cases with a possibility of imprisonment. State v. Richard (1996), 113 Ohio App.3d 141, 144. In addition, we have previously held that being advised as to the effect of a plea includes having the possible maximum or minimum sentences explained to the defendant. State v. Moore
(1996), 111 Ohio App.3d 833, 838." Id., 1999 WL 1279170 at *2.
In the present case, no dialogue took place between the court and appellant. The court simply accepted appellant's no contest plea, entered a finding of guilt, and sentenced appellant. The court never advised appellant of possible maximum or minimum sentences nor did it advise him of the effect of the pleas of guilty, no contest, and not guilty. There is nothing on the record or in the transcript to suggest that the court informed appellant of the possible sentences he faced or of the other rights he was giving up by pleading no contest. There is no evidence to indicate that the court found that appellant entered his plea knowingly, intelligently, and voluntarily. Since the court failed to comply with Rule 11, appellant's second assignment of error is well taken.
Appellant's first assignment of error states:
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION TESTIMONY PERTAINING TO DEFENDANT FOLLOWING THE `SINGLE PHOTO LINEUP.'"
Officer Marzullo showed the picture of appellant to Solange individually rather than in a photo lineup. She identified appellant as the man she saw masturbating. Nigel was never shown the photo of appellant by a police officer or a state actor. Appellant's counsel showed Nigel the photo at a pretrial.
Appellant argues that a pretrial photographic identification of a defendant must be suppressed if the defendant's due process rights are violated due to the unnecessarily suggestive nature of the photo array. Appellant cites Simmons v. United States (1968),390 U.S. 377, for the proposition that a conviction based on eyewitness identification at trial following pretrial identification by photograph will be set aside if the photo identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.
Appellant asserts that the photo identification based on a single photo of him was unnecessarily suggestive and conducive to misidentification. Therefore, he argues that Solange's and Nigel's identification testimony must be suppressed at trial.
Appellant also argues that the testimony must not be permitted because the photo was a fruit of an illegal arrest. He claims that he was stopped by the police under the guise of a traffic stop so that the police could take his picture.
When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings and relies upon the trial court's ability to assess the witness' credibility, but independently determines, without deference to the trial court, whether the trial court applied the appropriate legal standard. State v. Rice (1998), 129 Ohio App.3d 91,94. A trial court's decision on a motion to suppress will not be disturbed when it is supported by substantial credible evidence. Id.
The United States Supreme Court has held that a conviction based on eyewitness identification at trial following a pretrial identification by photograph will be set aside if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons, supra at 384. The Supreme Court set out the test for considering this question in United States v.Wade (1967), 388 U.S. 218, 241:
 "`[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" Quoting, Wong Sun v. United States (1963), 371 U.S. 471, 488.
The Supreme Court listed factors to consider when applying this test to pretrial lineup identification. The factors include: the prior opportunity of the witness to observe the alleged criminal act; the existence of any discrepancy between any pre-lineup description and the defendant's actual description; any identification prior to the lineup of another person; identification by photograph of the defendant prior to the lineup; failure to identify the defendant on a prior occasion; and the lapse of time between the alleged act and the lineup identification. Id. at 241.
The Ohio Supreme Court addressed this issue in State v.Lathan (1972), 30 Ohio St.2d 92. The court held that Wade does not require the automatic exclusion of an in-court identification as long as the state can show by clear and convincing evidence that the in-court identification is based on an observation independent of the pretrial identification or that the error was harmless. Id. at 96. The court has also held that although an identification procedure is suggestive, as long as the in-court identification is reliable, it is admissible. State v. Barker
(1978), 53 Ohio St.2d 135, 142.
The rationale for excluding a tainted pretrial identification is to protect the defendant from state misconduct. State v.Brown (1988), 38 Ohio St.3d 305, 310. Appellant's counsel was the only person who presented appellant's photograph to Nigel. Since Nigel was never shown appellant's photograph by a state actor, his in-court identification of appellant is permissible.
Since a state actor, Officer Marzullo, showed Solange the photograph of appellant, in order for her in-court identification to be admissible it must be shown to be based on an independent observation of appellant. Lathan, supra. The trial court made numerous specific factual findings in determining that Solange's in-court identification of appellant was based on a reliable, independent recollection of the two incidents when she observed appellant masturbating while she walked to school.
Also applying the factors set out in Wade, supra, we reach the same conclusion. Solange observed appellant on two separate occasions, both in the daylight. On one of the occasions, appellant looked right at her. She was not more than eight feet away from appellant on the first incident and not more than five feet away from him on the second incident. There was no discrepancy mentioned between her pretrial identification to Principal Lushinsky and Officer Marzullo and appellant's actual description. She never identified another person, although she was never shown a photograph of anyone else. She did not fail to identify appellant on a prior occasion, although she was not presented with another occasion. Finally, the lapse of time between when Solange saw appellant and when she identified him in the photograph was only three days from the first occasion she saw him and one day from the second instance she saw him.
Although the pretrial identification procedure of showing Solange only one photograph of appellant and asking if he was the man she observed was suggestive and improper, plaintiff-appellee, the State of Ohio, demonstrated that Solange's in-court identification was based on independent observations of appellant during her two separate encounters.
Investigatory stops are permissible in appropriate circumstances and when performed in an appropriate manner. Terryv. Ohio (1968), 392 U.S. 1.
Officer Marzullo stopped appellant's vehicle because he was given information by Solange and Principal Lushinsky that a man in a car matching appellant's description was masturbating in public. Based on this information, Officer Marzullo had a reasonable suspicion to stop appellant to ascertain whether this was the man Solange and Nigel had seen masturbating. The stop was brief and reasonable. Officer Marzullo asked for appellant's driver's license, spoke to him briefly, and took his photograph. Under the circumstances this type of investigatory stop was reasonable.
For the reasons stated above, the trial court's decision denying appellant's motion to suppress the in-court identifications by Solange and Nigel was proper. Therefore, appellant's first assignment of error lacks merit.
Accordingly, the judgment of the trial court is hereby reversed based on the merit of appellant's second assignment of error. Appellant's plea of no contest is vacated and the matter is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
COX, J., VUKOVICH, J., concurs