JOURNAL ENTRY AND OPINION
Defendant-appellant, Anthony May, appeals the decision of the Cuyahoga County Common Pleas Court convicting him of one count of child endangering after entering a plea of guilty to that charge. For the reasons that follow, we vacate the conviction and remand.
A review of the record reveals that six-week-old Alonna May, who is the child of appellant and Kameo Shelton, was left in the care of appellant when the child suffered a seizure that required emergency treatment and hospitalization. While at the hospital, Alonna was found to have suffered multiple traumatic injuries, including multiple rib fractures, a femur fracture and a hematoma of the liver. As a result of these injuries, Alonna required mechanical ventilation to breathe and other intensive care treatment. It was opined that the child would likely have residual brain damage if she survived.
In the investigation that ensued, appellant stated that he may have bounced the baby too roughly in an effort to calm her. Shortly thereafter, a two-count indictment was returned against appellant charging him with child endangering, a violation of R.C. 2919.22, and felonious assault, a violation of R.C. 2903.11. Appellant eventually entered a negotiated plea of guilty to the child endangering charge, which is a second degree felony, while the felonious assault charge was nolled. The trial court thereafter sentenced appellant to eight years of incarceration, the maximum sentence for this offense.
Appellant is now before this court and asserts in his sole assignment of error that the trial court failed to comply with Crim.R. 11 in accepting his guilty plea. In particular, appellant complains that the trial court failed to inform him that he would be waiving his right to compulsory process.
Crim.R. 11 governs pleas and the rights of criminal defendants upon taking a plea. Subdivision (C)(2) provides, in relevant part:
 In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation and the privilege against self-incrimination. Boykin v. Alabama (1969), 395 U.S. 238, 243-244,23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709, 1712-1713; see, also, Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 666-667. Strict compliance is also required when waiving the right of compulsory process. See State v. Ballard (1981), 66 Ohio St.2d 473, 478. On the other hand, substantial compliance with this rule is sufficient when waiving nonconstitutional rights.Id.; see, also, State v. Nero (1990), 56 Ohio St.3d 106, 108; Garfield Hts. v. Mancini (1997), 121 Ohio App.3d 155; State v. Kilbane (Oct. 4, 2001), Cuyahoga App. No. 77881, unreported, 2001 Ohio App. Lexis 4471. Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving. Nero, 56 Ohio St.3d at 108.
In explaining the rights appellant would be waiving upon entering a guilty plea, the trial court stated:
 THE COURT: Do you understand you have a right to have a trial by a jury?
APPELLANT: Yes, your Honor.
 THE COURT: And the right to be represented by counsel?
APPELLANT: Yes, your Honor.
 THE COURT: And the right to have your attorney cross-examine all witnesses brought (sic) forth by the State of Ohio who would testify against you?
APPELLANT: Yes, your Honor.
 THE COURT: And the right to require the State of Ohio to prove your guilt beyond a reasonable doubt at a trial of which you cannot be forced to testify against yourself?
APPELLANT: Yes, your Honor.
 THE COURT: Do you understand, sir, that a plea of guilty is an admission of your guilt and by entering such a plea, you are waiving all of these rights?
APPELLANT: Yes, your Honor.
The court thereafter inquired of appellant whether any promises had been made to him in exchange for his plea and then proceeded to inform appellant of the range of sentencing possibilities available to the court. Upon expressing his understanding, the court accepted appellant's plea. Yet nowhere in this colloquy was the appellant ever informed of his right to compulsory process for obtaining witnesses on his behalf. The court's failure to inform appellant that he would be waiving this constitutional right makes the plea constitutionally infirm. Ballard,66 Ohio St.2d at 478.
Accordingly, appellant's sole assignment of error is well taken and is sustained.
Judgment of conviction is vacated and the cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellee recover of said appellant costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and TERRENCE O'DONNELL, J., CONCUR.