OPINION
The defendant-appellant, Christopher L. Morrow ("the appellant"), appeals from a judgment of conviction and sentence of the Marion Municipal Court. For the following reasons, we reverse the decision of the trial court.
The pertinent facts and procedural history are as follows. The appellant was arrested on January 2, 2002 and charged with multiple crimes, including a violation of R.C. 2909.06, criminal damaging, a misdemeanor of the second degree. On January 14, 2002, the appellant, without the assistance of counsel, pleaded no contest to the charge of criminal damaging, in addition to two other violations which are not the subject of this appeal pursuant to Third District Court of Appeals Loc.R. 6(A).[1] The trial court found the appellant guilty by judgment entry filed January 14, 2001 and sentenced the appellant to 90 days imprisonment, a $150.00 fine, and costs. The appellant now appeals asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I "The trial court erred to the prejudice of defendant-appellant by failing to address defendant-appellant personally and informing defendant-appellant of the effects of the pleas of guilty, no contest, and not guilty and by failing to have an open dialog with defendant-appellant as to the effects of a plea of no contest."
 ASSIGNMENT OF ERROR NO. II "The trial court erred to the prejudice of defendant-appellant by failing to inquire of defendant-appellant as to his ability to employ counsel and by failing to readvise defendant-appellant of his right to counsel."
For purposes of clarity and brevity, we will address the appellant's first two assignments of error together.
In his first two assignments of error, the appellant contends that his plea should be vacated because the trial court failed to comply with the requirements of Crim.R. 11(E). Specifically, the appellant asserts that the trial court failed to inform him of the effects of the pleas of guilty, no contest, and not guilty, and neglected to advise him of his right to counsel.
On this subject, this Court has stated: "A no contest plea, like a guilty plea, waives several constitutional rights, including the right to a trial by jury, the privilege against compulsory self-incrimination, and the right to confront one's accusers."[2] Crim.R. 11(D) specifies a trial court's obligation to address the defendant personally and inform him of these rights.
Criminal damaging is a second degree misdemeanor, unless the violation involves a risk of physical harm to any person in which case the offense is a misdemeanor of the first degree.[3] Though the details of the criminal acts behind this case are not part of the record, the sentencing transcript reflects that the maximum term available was 90 days which comports with the maximum sentence for a misdemeanor of the second degree.[4]
Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty described by law includes confinement for more than six months." A "petty offense" includes misdemeanors other than those qualifying as serious offenses.[5] Because the charge was a petty offense, the appellant's plea is governed by Crim.R. 11(E), which states:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such a plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.
The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule.[6]
Crim.R. 11(E) directs that a trial court explain the effect of a no contest plea before accepting the plea.[7] With respect to Crim.R. 11, this Court professed as follows:
 Crim.R. 11(E) requires that the record affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently and knowingly. A meaningful dialogue between the court and the defendant is required whenever the possibility of incarceration exists.[8]
Similarly, this Court has held as follows:
 "Prejudice inheres in the failure to comply with Crim.R. 11(E), for noncompliance deprives the defendant of the rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of the plea."[9]
In the present case, the relevant portion of the discussion between the trial court and the appellant regarding the plea was as follows:
 "THE COURT: * * * Did you receive copies of these charges?
"THE DEFENDANT: Yes, I have.
 "THE COURT: And have you read over the green explanation of rights form?
"THE DEFENDANT: Yes, I have.
 "THE COURT: * * * The charges of criminal damaging, obstructing official business and vehicular trespass are each misdemeanors, each punishable by a maximum jail sentence of 90 days, maximum fine of $750 on each of those three charges. * * * How do you wish to plea on the charge of criminal damaging?
"THE DEFENDANT: No contest.
"* * *
 "THE COURT: All right. You may have a seat. We will accept your pleas. Make findings of guilty on these charges."
There is nothing in the record or the transcript of the proceedings to suggest that the trial court advised the appellant of the rights he was waving by entering his plea. Nor is there evidence that the appellant waived his right to counsel in open court. In short, the record fails to demonstrate that the appellant's plea was voluntarily, knowingly, or intelligently made or that the trial court complied with Crim.R. 11(E). Because the appellant was not informed as to the effect of entering his plea of no contest and because a sentence of confinement was imposed without a waiver of assignment of counsel, the appellant's first two assignments of error are sustained.
 ASSIGNMENT OF ERROR NO. III "The trial court erred to the prejudice of defendant-appellant by failing to advise defendant-appellant of the minimum sentence and fines as to each of the charges against defendant-appellant."
In light of our decision as to the first two assignments of error, we need not consider the appellant's third assignment of error.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court.
Judgment reversed.
BRYANT and WALTERS, JJ., concur.
[1] The text of the appellant's appeal contests the judgment and sentence for case numbers 02-CRB-00087-1-7, 02-CRB-00087-2-7, and 02-CRB-00087-3-7; however, the notice of appeal only reflects an appeal of case number 02-CRB-00087-1-7. Third District Court of Appeals Loc.R. 6(A) requires a separate notice of appeal to be filed for each case being appealed, whether or not the case was consolidated in the trial court for hearing with one or more other cases. In accordance with this rule, we restrict our consideration of the appellant's appeal to the assignments of error as they relate to the criminal damaging charge, case number 02-CRB-00087-1-7.
[2] State v. James (April 26, 2001), Seneca App. No. 13-2000-44,citing Toledo v. Chiaverini (1983), 11 Ohio App.3d 43.
[3] R.C. 2909.06(B).
[4] See R.C. 2929.21(B)(2).
[5] Crim.R. 2(D).
[6] Crim.R. 44(B) and (C) provide that a court may assign counsel to represent a defendant, charged with a petty offense, who is unable to obtain counsel. The sections further require that no sentence of confinement may be imposed unless "after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel" in open court.
[7] Garfield Heights v. Mancini (1997), 121 Ohio App.3d 155, 157.
[8] State v. Davis (Apr. 8, 1992), Hardin App. No. 6-90-20.
[9] Id.