JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant Adolph Karafiat ("Karafiat;" d.o.b. February 25, 1918), pro se, appeals from his conviction involving various city of Cleveland building and zoning code violations subsequent to his plea of no contest. For the reasons adduced below, we reverse and remand.[1]
 {¶ 2} A review of the record on appeal indicates that the complaint was filed on January 23, 2002. The code violations contained in the complaint were in response to appellant's failure to repair or rectify a number of issues which were found to be present at his home located at 3852 Ridge Road, Cleveland, Ohio. An auto repair shop, with vehicle storage, was also being operated on the premises.
 {¶ 3} On February 27, 2002, Karafiat, represented by counsel, withdrew his plea of not guilty, entered a plea of no contest to the violations, and consented to a finding of guilty. A presentence investigation report was then prepared.
 {¶ 4} On March 27, 2002, the trial court conducted a sentencing hearing on the matter. The court heard a detailed summation of the violations from the prosecutor. Next, the court heard Mrs. Rios, a specialist employed by the housing court, who gave a summary of her inspection of the property and her interview with the occupants. Information gleaned from these persons indicated that some of the violations had been corrected, but that a number of others remained unresolved.
 {¶ 5} The prosecutor recommended that the court assess a fine of $5,000 and further requested a delay of execution on the fine for thirty days so as to allow Karafiat to cure the remaining violations, not including obtaining a required license to continue to operate an auto repair shop on the premises. The prosecutor also indicated that the city would not object to 90% mitigation; in other words, if the homeowner could cure 90% of the non-license violations, the fine would be waived. At that point, defense counsel informed the court that, the last time counsel for the parties had spoken in court, the prosecutor had proposed a fine of $2,000 with 90% mitigation. The court responded to this proposed plea agreement, thusly: "[Defense counsel], on a commercial property, it's typical and fairly standard for the City to recommend it on a residential property. This is a residential property that Mr. Karafiat and his family lives there, but it also can be used for commercial purposes. Fine of $5,000.00 on a finding of guilty; delay execution until May 15th."
 {¶ 6} Appellant presents three assignments of error for review.
 I {¶ 7} The first assignment of error states: "The Trial Court Committed Prejudicial Error When It Violated The Plea Bargain To Impose A Sentence Of $2000 And Then Imposed A Fine Of $5000 At A Later Date At The Time Of Sentencing. Trial Counsel Was Us (sic) Constitutionally Ineffective For Not Objecting To Same Violating Due Process Clause Of The Us Constitution."
 {¶ 8} In this assignment, appellant argues that his plea of no contest was not knowing, voluntary and intelligently made. In particular, appellant claims that he was not advised of the maximum potential sentence and fine, and that he would not have pled no contest if he knew he would not receive a fine of $2,000 plus 90% mitigation. Basically, he claims that he was not adequately explained the effect of his plea pursuant to Crim.R. 11.
 {¶ 9} The transcript of the plea hearing reflects that the prosecutor did recommend a fine of $2,000, plus 90% mitigation, with a stay of execution for thirty days pending compliance. The court informed Karafiat after the recitation of the proposed plea agreement that the court could accept or reject that recommendation. The court next addressed Karafiat and explained the rights he was waiving under Crim.R. 11 in changing his plea. These rights included the following: (a) right to a jury trial; (b) right against self-incrimination; (c) the right of compulsory process for obtaining witnesses in his favor; (d) the right to have the city prove his guilt beyond a reasonable doubt. Karafiat stated that he understood these rights and that he "knowingly and willingly" surrendered them. The court then continued the matter for a presentence report and warned Karafiat that, if there was full compliance in curing the violations in the interim, the court was prepared to accept the prosecutor's plea bargain recommendation at sentencing. If not in full compliance, the court specifically stated that there would be another recommendation; Karafiat responded, "right."
 {¶ 10} While the offenses in issue are identified on the face of the complaint as first degree misdemeanors, it is unclear from the record on appeal whether these offenses are "serious offenses" or "petty offenses." A "serious offense" means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim.R. 2(C). A "petty offense" means a misdemeanor other than a serious offense. Crim.R. 2(D). For purposes of taking a no contest plea, a serious offense misdemeanor is controlled by Crim.R. 11(D), while a petty offense misdemeanor is controlled by Crim.R. 11(E). In either situation, Crim.R. 11(D) or (E), and for purposes of this appeal which involves at least one first degree misdemeanor according to the complaint, both require the trial court when taking a plea thereunder to not accept the plea without first informing the defendant of the effect of the plea.
 {¶ 11} In addition:
 {¶ 12} "Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with its requirements as long as the record reflects that under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea by subjectively understanding the effect of the plea and his rights waived. See State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476
(citing State v. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163)."City of Garfield Heights v. Mancini (Cuyahoga, 1997), 121 Ohio App.3d 155,156, 699 N.E.2d 132, 133.
 {¶ 13} Informing the offender of "the effect of" the plea includes, in addition to explaining the waiver of pertinent constitutional rights, explaining the minimum and maximum terms of imprisonment and the possibility of consecutive sentences. See State v.Moore (1996), 111 Ohio App.3d 833, 838, 677 N.E.2d 408, 411; City ofGarfield Heights v. Mancini, supra, 121 Ohio App.3d at 156. This was not done by the trial court herein. Accordingly, the taking of the no contest plea did not substantially comply with Crim.R. 11 and the plea of no contest, and subsequent sentence, must be vacated.
 {¶ 14} The first assignment of error is well taken.[2]
Kenneth A. Rocco, A.J., Concurs In Judgment Only With Separate Concurring Opinion.
Michael J. Corrigan, J., Dissents With Separate Dissenting Opinion.
[1] The city of Cleveland has not filed an appellee's brief.
[2] The second and third assignments of error are moot and need not be addressed. App.R. 12(A)(1)(c). These remaining assignments stated the following: (a) as to the second assignment, "[P]er The Record The Appellant's Plea Is Unknowing/unintelligent/involuntary Under Crim. Rule 11(c)(2)(c) For Failing To `informing (sic) Him And Determining That He Understands That By His Plea He Is Waiving His Right To . . . Confront Witnesses Against Him . . .' Violating The Due Process Clause Of The Ohio U.S. Constitution."; and, (b) as to the third assignment, "[t]he Trial Court Erred By Imposing A $5000 Fine When Failing To Comply With The Mandates Of R.C. § 2947.14(a)/(b) And (d) Trial Court Being Prepared To Impose Jail Time On Indigent Appellant In Lieu Of Payment Of Fin (sic) Monies Violating Due Process Clause 14th Amendment."