OPINION.
{¶ 1} Defendant, Nicholas M. Lanton, appeals from sentences the trial court imposed on Lanton's pleas of guilty to three misdemeanor offenses. Lanton argues that the trial court was prohibited from imposing any term of incarceration, as it did for each of the three convictions, because the court had not determined that Lanton had no right to assigned counsel and, if he did, Lanton had not waived that right. We agree. Accordingly, the terms of incarceration the trial court imposed are reversed and vacated.
 {¶ 2} Lanton was arrested on November 5, 2002, and charged with possession of marijuana, disorderly conduct and resisting arrest. On November 13, 2002, Lanton appeared in court for arraignment. He was not represented by counsel.
 {¶ 3} The trial court conducted a joint arraignment of the defendants assembled before it, pursuant to Crim.R. 10(D). The court advised them of their rights, including "the right to a free attorney, if you are indigent." (T. 2). The court further stated:
 {¶ 4} "If you are going to get an attorney, you need to take care of that. If you put off that decision, you may waive your right to Counsel. If you think you want to check into the public defender to see if you are eligible for that service, their address is 90 East Main Street, one block in an easterly direction from the Court here on the Main Street side of those buildings. The door says "Public Defender" on it. If you will, go over to that office within the next seven days, see if you are eligible for that service for what you are charged with and sign up. They will assign you a free attorney, if you are eligible.
 {¶ 5} "If you are not eligible and you want to go a private attorney, you also need to call that person within the next week to make an appointment within seven days. If we don't get some indication from an attorney that you are going to be represented by that person, I'm going to assume you want to pick the third option, which is to represent yourself.
 {¶ 6} "So don't wait until your court notice to get an attorney. If you are going to get one, start the process now." (T. 6-7).
 {¶ 7} When the court addressed him individually, the court advised Lanton of the charges against him, the maximum sentence that could be imposed for each charge, and the consequences of pleading guilty, not guilty or no contest to the charges. The trial court did not inquire whether Lanton was indigent. Lanton did not waive his right to an attorney.
 {¶ 8} Lanton plead guilty to possession of marijuana and plead no contest to disorderly contest and resisting arrest. Lanton was found guilty on all three charges. On the possession charge, Lanton was fined $100 and sentenced to six months in jail, with the jail time being suspended. On the disorderly conduct charge, Lanton was fined $100 and given a suspended sentence of thirty days, provided that there were no further violations within five years. On the resisting arrest charge, Lanton was fined $250 and sentenced to thirty days in jail.
 {¶ 9} On November 25, 2002, Lanton filed a motion asking the trial court to either set aside his pleas and their corresponding sentences or release him on the basis of time already served. The trial court overruled his motion, finding it without merit because "Lanton's rights were thoroughly explained and he chose to waive them."
 {¶ 10} On November 27, 2002, Lanton filed a motion to stay his sentence pending appeal. The trial court granted the motion.
 {¶ 11} Lanton now appeals offering three assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 12} "The trial court erred when it failed to advise the defendant of his right to counsel and when it failed to obtain a knowing, voluntary and intelligent waiver of the same."
 {¶ 13} Each of the three offenses to which Lanton entered pleas of guilty or no contest is a "petty offense." Crim.R. 2(D). The right to counsel provisions of Crim.R. 44(B) and (C) apply to pleas of guilty or no contest to petty offenses. Crim.R. 11(E).
 {¶ 14} Crim.R. 44(B) states that the court may assign counsel to a Defendant who is indigent, but cannot impose a sentence of confinement unless the defendant waives his right to assignment of counsel. Crim.R. 44(C) states that waiver shall be in open court and recorded per Crim.R. 22. Crim.R. 44(B) thus limits the court's power to impose a sentence of confinement on an indigent defendant who has not waived his right to assignment of counsel in the manner that Crim.R. 44(C) prescribes.
 {¶ 15} When a defendant who is charged with a petty offense appears without counsel, the court may not impose a sentence of confinement for his conviction on a plea of guilty or no contest when the court has exercised its discretion not to assign counsel to represent him, unless the court has first inquired whether defendant is unable to obtain counsel and, if the court found that the defendant is unable to obtain counsel, the defendant then knowingly, intelligently, and voluntarily waives his right to assignment of counsel.
 {¶ 16} The court may refer a defendant who appears unrepresented to a public defender for an indigency determination. But, unless the public defender appears on the defendant's behalf, before the court can then impose a sentence of confinement on the defendant's unrepresented plea of guilty or no contest the court must first determine (1) that the defendant is not indigent and, (2) if it finds that the defendant is indigent, the defendant must have waived his right to assignment of counsel.
 {¶ 17} Here, the trial court failed to satisfy either alternative requirement. Because the trial court never determined that Lanton was not indigent, and because Lanton never waived his right to assignment of counsel if he was indigent, the trial court was precluded from the imposition of a sentence of confinement. Therefore, the trial court erred when it imposed terms of confinement for each of Defendant's convictions. Pursuant to App.R. 12, we will vacate the trial court's imposition of the suspended sentence of six months in jail that Lanton received for the possession of marijuana, the thirty day suspended sentence he was given for disorderly conduct, and the thirty day sentence Lanton received for resisting arrest.
 {¶ 18} The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR {¶ 19} "The trial court erred when it accepted the no contest plea of the defendant in the absence of meaningful dialogue with the defendant regarding the effect of such plea."
 {¶ 20} Crim.R. 11(E) governs the proceedings in pleas of guilty and no contest in misdemeanor cases involving petty offenses. Crim. R. 11(E) provides that a court cannot accept a plea of not guilty or no contest "without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Crim.R. 11(E) does not define the term "effect of the pleas" in relation to a plea of no contest.
 {¶ 21} In making a no contest plea, a defendant waives certain constitutional rights. Therefore, the record must affirmatively demonstrate that the waiver of those rights was made intelligent and voluntary. Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274.
 {¶ 22} In order to be both intelligent and voluntary, a defendant must understand the constitutional rights he is waiving. See Bellbrookv. Joefreda (February 19, 1999), Greene App. No. 98CA63. A no contest plea is "constitutionally infirm when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf." State v. Ballard (1981),66 Ohio St.2d 473, at 478, 423 N.E.2d 115. A defendant must be informed of the effects that pleading guilty or no contest will have on his constitutional rights. Joefreda, supra.
 {¶ 23} Failure to substantially comply with Crim.R. 11(E) by explaining the effect of a no contest plea before the court accepts that plea constitutes reversible error. See Garfield Hts. v. Mancini (1997),121 Ohio App.3d 155. In misdemeanor cases involving petty offenses, when a trial court accepts a defendant's plea of guilt or no contest, the court complies with that particular aspect of Crim.R. 11(E) by informing the defendant of the effect of his pleading guilty or no contest as stated in Crim.R. 11(B). Ohio v. Watkins, 99 Ohio App.3d 12,2003-Ohio-2419. A trial court's failure to obtain a defendant's Crim. R. 44(B) waiver of counsel does not affect the validity of a defendant's pleas or its findings on those pleas. State v. Hancock (June 7, 1996), Greene App. No. 95CA65. It merely prevents imposition of a sentence of confinement.
 {¶ 24} Lanton argues that the trial court accepted his no contest pleas without engaging him in the required colloquy regarding the effects of the pleas. Our review of the arraignment transcript does not support Lanton's assertion. During its joint arraignment proceeding, the court advised Lanton of his constitutional rights. The court provided a detailed explanation of the consequences of pleading guilty, not guilty and no contest. Specifically, the court informed all the defendants assembled before the court, including Lanton:
 {¶ 25} "If you plead no contest, you are telling me that you are not disagreeing with the claims filed by the officer. You are giving up all your rights, but you are not saying you are guilty. You are telling me to decide the case based on what the officer filed with the Court. The officers file a description of what evidence they feel there is in the case. You are telling me to assume that is accurate and to find you guilty or not guilty. That is what no contest means. Most people who plead no contest are found guilty. If you are found guilty, we move to the issue of what penalty to impose, just as if you had plead guilty." (T. 4).
 {¶ 26} When Lanton appeared individually before the court to enter his pleas, the court specifically explained each of the charges against him. It then explained the maximum sentences that could be imposed on him were he to be found guilty of each of the charges. After the trial court provided Lanton this information, it asked him how he would plead to each charge. Lanton plead no contest to both the disorderly conduct and the resisting arrest charges.
 {¶ 27} We find that the trial court's dialogue with Lanton satisfied both Civ.R. 11(E) and the requirements of Ballard by providing Lanton with notice of the constitutional rights he waived by pleading no contest.
 {¶ 28} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 29} "The court did not properly follow the statutory sentencing guidelines or consider mitigating factors when it imposed a 30-day jail sentence on Nicholas M. Lanton."
 {¶ 30} The assignment of error is rendered moot by our determination of the first assignment of error and the relief we grant on it. Therefore, per App.R. 12(A)(1)(c), we decline to determine the error assigned.
 Conclusion {¶ 31} Having sustained the first assignment of error, we will modify the judgment from which this appeal is taken, in part, to vacate the terms of incarceration the trial court imposed for each of Defendant-Appellant's convictions. Imposition of fines and costs will remain unchanged.
FAIN, P.J. and WOLFF, J., concur.