OPINION
{¶ 1} Defendant-appellant Eugene Fleeton appeals from his conviction entered in the Mahoning County Common Pleas Court after he pled guilty to burglary, a violation of R.C. 2911.12(A)(1)(C), a second-degree felony. The issue before us is whether the trial court sufficiently determined that Fleeton understood the possible sentence which could have been imposed. For the following reasons, the judgment of the trial court is hereby affirmed.
 STATEMENT OF CASE {¶ 2} On November 6, 2003, Fleeton was indicted on one count of burglary, a violation of R.C. 2911.12(A)(1)(C), and one count of breaking and entering, a violation of R.C. 2911.13(A)(C). The state and Fleeton entered into a Crim.R. 11 plea agreement; Fleeton pled guilty to the burglary and the state moved to dismiss the breaking and entering charge. The state also offered to "stand silent" during sentencing and not take a position on the appropriate sentence.
 {¶ 3} On December 5, 2004, the trial court dismissed the breaking and entering charged, and accepted Fleeton's guilty plea on the burglary charge. A sentencing hearing was held on February 10, 2004. At this hearing, the trial court sentenced Fleeton to two years in the penitentiary, the minimum sentence for a second-degree felony.
 {¶ 4} After the sentence was issued, Fleeton orally moved to withdraw his plea. He specifically stated, "I would like to withdraw my plea for the fact of manifestation of justice." (02/10/04 Tr. 12). The trial court denied the oral motion stating, "the fact that you don't like the sentence that I am imposing is tough like —." (02/10/04 Tr. 12).
 {¶ 5} Fleeton now appeals from the trial court's denial of his motion to withdraw his guilty plea.
 ASSIGNMENT OF ERROR {¶ 6} "The appellant was denied his right to freedom without due process, as guaranteed by amendment v and amendment vi to the united states constitution and by the ohio constitution, article I section 10, because his guilty plea to the charges against him was not made knowingly and intelligently and, therefore, was in violation of Crim.R. 11 and R.C. 2929.12."
 {¶ 7} "A post-sentence motion to withdraw a guilty plea may only be granted upon a showing of manifest injustice. Crim.R. 32.1. The defendant has the burden to prove such injustice. State v. Smith (1977),49 Ohio St.2d 261, 264. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Id. at syllabus. An appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v. Blatnik (1984),17 Ohio App.3d 201, 202. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157." State v. Ginnis, 7th Dist. No. 00CA100, 2001-Ohio-3192.
 {¶ 8} Before accepting a plea of guilty, Crim.R. 11 demands that the trial court inform a defendant of the constitutional rights he waives by entering the plea. State v. Nero (1990), 56 Ohio St.3d 106, 107. To comply, the trial court must explain to the defendant that he is waiving: (1) the Fifth Amendment privilege against selfincrimination; (2) the right to a trial by jury; (3) the right to confront witnesses against him; (4) the right to compulsory process of witnesses; and (5) the right to be proven guilty beyond a reasonable doubt. Crim.R. 11(C)(2)(c). Failure to strictly comply with these constitutional requirements invalidates a guilty plea. State v. Foster, 8th Dist. No. 81309, 2002-Ohio-7072.
 {¶ 9} In addition to informing the defendant of his constitutional rights, the court must also inform the defendant of several nonconstitutional rights: the nature of the charge against him; the maximum sentence involved; and whether he is eligible for probation or community control. Nero, 56 Ohio St.3d at 107. Substantial compliance with this rule is sufficient when waiving nonconstitutional rights. SeeState v. Ballard (1981), 66 Ohio St.2d 473, 478. See, also, Nero,56 Ohio St.3d at 108; Garfield Hts. v. Mancini (1997),121 Ohio App.3d 155. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero,56 Ohio St.3d at 108.
 {¶ 10} Fleeton's argument is that he did not understand the sentence he was facing, i.e., he believed that he would receive community control instead of a prison sentence.[1] This argument raises the alleged noncompliance with the nonconstitutional requirement of understanding the penalty involved.
 {¶ 11} Fleeton's argument is unpersuasive. A review of the plea transcript shows that the trial court explained that Fleeton was facing imprisonment from two to eight years, and that while he was eligible for community control, there was no guarantee that the trial court would in fact sentence him to community control. (12/05/03 Tr. 4-5, 8-9). Moreover, the trial court that accepted the guilty plea[2] made it clear that it was likely that Fleeton would get sentenced to prison instead of community control:
 {¶ 12} "The Court: Anyway, you're eligible. I didn't tell you. Pat's right. You're eligible for community control only and not being sentenced, but I don't know about that. You get it? Chances are you're going down the river. You understand?
 {¶ 13} "The Defendant: Yes, Your Honor." (12/05/03 Tr. 8).
 {¶ 14} Furthermore, the record indicates that Fleeton both read and had the plea read to him before coming to court and that he understood the total impact of the plea. (12/05/03 Tr. 11-13). Additionally, Fleeton's own statement at the sentencing hearing indicates that he understood the potential sentence he could receive. After the sentence was announced, he stated:
 {¶ 15} "The Defendant: Can I withdraw my plea?
 {¶ 16} "The Court: No, no way.
 {¶ 17} "The Defendant: I would like to withdraw my plea for the fact of manifestation of justice.
 {¶ 18} "The Court: See, the fact that you don't like the sentence I am imposing is tough like —" (02/10/04 Tr. 12).
 {¶ 19} His statement insinuates that when he did not receive the sentence he wanted, he tried to withdraw his plea. (02/10/04 Tr. 12). While his statement is not the precise standard used to withdraw a post-sentence guilty plea, it shows that he was aware of the standard to be used in withdrawing a post-sentence guilty plea. Logically, it can be stated that he armed himself with this information in case he did not receive the sentence he wanted.
 {¶ 20} Considering all of the above, nothing in the record remotely indicates that Fleeton did not understand his possible sentence. Instead, it appears Fleeton was hoping the trial court would sentence him to community control and when it did not, he moved to withdraw his plea. As the state points out, it appears as if Fleeton was "merely testing the sentencing waters." As a result, Fleeton's argument lacks merit.
 {¶ 21} Furthermore, the record is clear that the trial court complied with all other nonconstitutional requirements and all of the constitutional requirements in Crim.R. 11(C). Fleeton was informed that by entering a guilty plea he was waiving his right to a trial by jury, his right to confront witnesses against him and his right to the compulsory process. (12/05/03 Tr. 6). Additionally, he was informed that if he chose to go to trial, the state would have to prove the elements of the offense beyond a reasonable doubt and that at trial he could not be forced to testify against himself. (12/05/03 Tr. 7). Furthermore, the trial court explained the nature of the charges against Fleeton and informed him that he was eligible for probation/community control. (12/05/03 Tr. 4, 8-11).
 {¶ 22} Consequently, Fleeton's argument that the plea is invalidated by failure to comply with Crim.R. 11(C), failure to inform of constitutional or nonconstitutional requirements, fails. This assignment of error lacks merit.
 {¶ 23} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs. DeGenaro, J., concurs.
[1] Fleeton filed a motion for judicial release in August 2004. The trial court granted the motion on October 10, 2004, stating that Fleeton is now amendable to community control and, as such, the sentence was modified to two years community control.
[2] The court that accepted the plea was not the same court that sentenced Fleeton. Judge Bannon accepted the plea, while Judge Krichbaum sentenced Fleeton.